IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. SAAD ALJABRI,<br><br>    Plaintiff,<br><br>    v.<br><br>MOHAMMED BIN SALMAN BIN ABDULAZIZ AL SAUD, *et al*.<br><br>    Defendants. | Civil Action No. 1:20-cv-02146-TJK |

**MOTION FOR LEAVE TO FILE AFFIDAVITS
REQUESTING FOREIGN MAILING UNDER SEAL**

Pursuant to Local Civil Rule 5.1(h) and Standing Order § 11.d., Dkt. 5, Plaintiff Dr. Saad Aljabri ("Dr. Saad") files this Motion requesting leave to file under seal eleven Affidavits Requesting Foreign Mailing (the "Affidavits") for the following selected Defendants: Mohammed Bin Salman Bin Abdulaziz Al Saud, Prince Mohammed Bin Salman Abdulaziz Foundation d/b/a MiSK Foundation, Bader Alasaker, Saud Alqahtani, Ahmed Alassiri, Khaled Ibrahim Abdulaziz Algasem, Mishal Fahad Alsayed, Bandar Saeed Alhaqbani, Ibrahim Hamad Abdulrahman Alhomid, Saud Abdulaziz Alsaleh, and Mohammed Alhamed (collectively, the "Foreign Mailing Defendants"). *See* Exhibits A-K. Dr. Saad is requesting this temporary relief to allow him to serve the Foreign Mailing Defendants, all residents of the Kingdom of Saudi Arabia, pursuant to Rules 4(f)(2)(C)(ii) and 4(h)(2) of the Federal Rules of Civil Procedure in this action for violations of the Torture Victims Protection Act and the Alien Tort Statute because of their attempted extrajudicial killing of Dr. Saad. Dr. Saad further requests an order directing that the filing of any

further documents concerning service under Rules 4(f)(2)(C)(ii) and 4(h)(2), including, but not limited to, a Certificate of Mailing filed by the Clerk ("Related Documents"), be temporarily under seal.

## BACKGROUND

On August 6, 2020, Dr. Saad filed a Complaint in this Court against the Foreign Mailing Defendants and other individuals. Dkt. 1 ("Compl."). On the same day, Dr. Saad was described by the United States Government as "a valued partner to the U.S. Government" who has worked closely with the U.S. Government "to ensure the safety of Americans and Saudis."[1]

The Complaint describes an extensive scheme to carry out an attempted extrajudicial killing of Dr. Saad through the use of covert and deceptive means, including in the United States. As described in detail in the Complaint, Defendant bin Salman, acting through Defendant MiSK Foundation and Defendant Alasaker, recruited and deployed a network of agents in the United States who covertly participated in an intensive effort to hunt down and locate Dr. Saad and his family in the United States so that Dr. Saad could be killed. Compl. ¶¶ 162-174.

On August 7, 2020, the Clerk of Court issued Summonses for each of the Foreign Mailing Defendants. Dkt. 4. The Foreign Mailing Defendants reside or maintain residences in the Kingdom of Saudi Arabia. Pursuant to Rules 4(f)(2)(C)(ii) and 4(h)(2), Dr. Saad intends to attempt service on the Foreign Mailing Defendants by sending a copy of the Complaint and Summons to each Foreign Defendant through DHL with signed receipt required. Serving the Foreign Mailing

---

[1] Letter from Ryan M. Kaldahl, Acting Assistant Secretary, Bureau of Legislative Affairs, U.S. Dep't of State, to Sen. Patrick Leahy, U.S. Senate 1 (Aug. 6, 2020), https://twitter.com/hsu_spencer/status/1291766667639496706/photo/1.

Defendants using mail with return receipt required, as prescribed by the Federal Rules, will be a challenge; however, doing so while also providing advance public notice of our effort will ensure it is an impossibility.  In the likely event Dr. Saad is unable to successfully effectuate service on all of the Foreign Mailing Defendants under Rules 4(f)(2)(C)(ii) and 4(h)(2), Dr. Saad intends to subsequently request that this Court authorize alternative methods pursuant to Rule 4(f)(3) in a future motion.

Rule 4(f)(2)(C)(ii) allows an individual in a foreign country to be served by any form of mail requiring a signed receipt that the Clerk addresses and sends to the defendant.  Rule 4(h)(2) allows a corporation, partnership, or association to be served outside of the United States in any manner prescribed under Rule 4(f).  The Rule 4(f)(2)(C)(ii) process is initiated by the plaintiff docketing an Affidavit Requesting Foreign Mailing for each defendant.  Attorney Manual for Service of Process on a Foreign Defendant 9 (July 2018), https://www.dcd.uscourts.gov/sites/dcd/files/AttyForeignMlg2018wAttach.pdf.  The plaintiff then submits the relevant documents, including the complaint and summons (the "Service Package") to the Clerk's office.  *Id.* at 10.  After receipt of the Service Package, the Clerk secures the Service Package and, if serving via DHL, coordinates the pick-up of the Service Package for delivery to the defendant.  *Id.* at 9.  The Clerk subsequently files a Certificate of Mailing.

Because of the nature of the conduct alleged in this litigation, the mechanics of delivery services in Saudi Arabia, and Rule 4(f)(2)(C)(ii)'s requirement that the delivery company obtain a signed receipt, the Foreign Mailing Defendants could easily take action to frustrate service by mail if they became aware that Dr. Saad had initiated service under Rules 4(f)(2)(C)(ii) and 4(h)(2). The Foreign Mailing Defendants are likely aware of this lawsuit because of extensive international

media coverage, particularly in the Middle East and Saudi Arabia.[2] Already on high alert, a public filing indicating a forthcoming service attempt and its precise manner of delivery would allow the Foreign Mailing Defendants to thwart service by refusing to collect DHL packages or by refusing to sign acknowledging receipt of it.[3]

## ANALYSIS

Temporary sealing of the Affidavits and Related Documents is necessary in this case to effect service of process under Rules 4(f)(2)(C)(ii) and 4(h)(2), given the likelihood that the Foreign Mailing Defendants will attempt to evade service if given advanced notice that an attempt at service is imminent and the manner in which that service will occur. Further, it is justified under the factors set forth in *United States v. Hubbard,* 650 F.2d 293 (D.C. Cir. 1980): "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial

---

[2] *See, e.g.*, *Saudi Hit Squad Allegations: US Says al-Jabri a 'Valued Partner'*, Al Jazeera, Aug, 8, 2020, https://www.aljazeera.com/news/2020/08/saudi-hit-squad-allegations-al-jabri-valued-partner-200808130718235.html; *Fugitive Saudi Official Wanted for $11 Billion Corruption Files Complaint in US Court*, Al Arabiya, Aug. 7, 2020, https://english.alarabiya.net/en/News/gulf/2020/08/07/Fugitive-Saudi-official-wanted-for-11-billion-corruption-files-complaint-in-US-court.

[3] In Saudi Arabia, delivery services—including DHL—generally deliver packages by first contacting recipients through their mobile phone numbers and requesting that the recipients either pick the packages up from the delivery services' offices or provide a precise description of where the package should be delivered. Aleid, *Delivery Issues in E-Commerce: The Case of Saudi Arabia*, at 44 (2012), https://core.ac.uk/download/pdf/29199854.pdf; AlGhamdi et al., *Factors Influencing E-Commerce Adoption By Retailers In Saudi Arabia: A Qualitative Analysis*, at 10 (2011), https://onlinelibrary.wiley.com/doi/epdf/10.1002/j.1681-4835.2011.tb00335.x.

proceedings." *EEOC v. Nat'l Children's Ctr. Inc.,* 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *Hubbard,* 650 F.2d at 317-22).

Public access to the Affidavits and Related Documents, which have not previously been publicly accessible, will not be hindered because Dr. Saad seeks only temporary sealing until he is able to serve the Foreign Mailing Defendants. *See Pub. Citizen Health Research Grp. v. Food & Drug Admin.*, 953 F. Supp. 400, 405 (D.D.C. 1996) (finding "the public's access to these proceedings is not hampered" by temporary sealing of information). Moreover, there is no need for public access to procedural documents such as the Affidavits and Related Documents, which are not related to the merits of the litigation. *See Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 153 n.2 (D.D.C. 2011).

As a party to this action, Dr. Saad's request to seal the Affidavits and Related Documents weighs in favor of sealing. *Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 149 (D.D.C. 2010) ("Under the third *Hubbard* factor, the fact that a party moves to seal the record weighs in favor of the party's motion.").

Critically, sealing the Affidavits and Related Documents is necessary to prevent the Foreign Mailing Defendants from thwarting Dr. Saad's attempts to effectuate service under Rule 4(f)(2)(C)(ii). *See Louis Vuitton Malletier S.A.S. v. Forever Trading Corp.*, No. 1:18-cv-02810-TJK (D.D.C. Dec, 17, 2018), ECF No. 13 (granting motion to temporarily seal documents to prevent defendants from "undermining Plaintiff's efforts at stopping trafficking of counterfeit . . . goods"); *Hamen v. Islamic Republic of Iran*, 318 F. Supp. 3d 194, 198 (D.D.C. 2018) (allowing witness to testify under seal when denying motion to seal would have resulted in witness not testifying at all). In a case that has garnered international media attention, the Foreign

Mailing Defendants are likely to learn about any documents filed on the public docket. The Foreign Mailing Defendants will easily be able to frustrate service by refusing to engage with DHL. Such actions would interfere with the function of the Court and Dr. Saad's ability to vindicate his rights in this litigation. Sealing the Affidavits and Related Documents is the only way to prevent such harm to Dr. Saad.

As to the final *Hubbard* factor, disclosure is "less of a pressing concern," because the Affidavits and Related Documents are procedural documents that are not relevant to the central claims of the litigation. *Gilliard v. McWilliams*, No. CV 16-2007 (RC), 2019 WL 3304707, at *2 (D.D.C. July 23, 2019).

In sum, the six *Hubbard* factors weigh in favor of temporarily sealing the Affidavits and Related Documents until Dr. Saad effectuates service under Rules 4(f)(2)(C)(ii) and 4(h)(2).

\* \* \*

In addition, redactions are impracticable and will not accomplish the objective of sealing in this case—namely, to protect the integrity of Dr. Saad's attempt to serve process under Rules 4(f)(2)(C)(ii) and 4(h)(2). Indeed, the Foreign Mailing Defendants' mere knowledge of the Affidavits and Related Documents would risk the Foreign Mailing Defendants frustrating Dr. Saad's attempts to effectuate service.

## CONCLUSION

For the foregoing reasons, Dr. Saad requests leave to file the Affidavits under seal, and further requests an order directing that any Related Documents be filed under seal. Once he has

successfully effectuated service on the Foreign Mailing Defendants under Rule 4(f)(2)(C)(ii), Dr. Saad will move to unseal these documents.[4]

| | |
|---|---|
| Dated: August 21, 2020 | Respectfully submitted, |

JENNER & BLOCK LLP

/s/ David Pressman
David Pressman (admitted *pro hac vice*)
D.C. Bar No. 1013431
Jenner & Block LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 891-1654
Fax: (212) 891-1699
dpressman@jenner.com


/s/ Lindsay Harrison
Lindsay Harrison
D.C. Bar No. 977407
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Telephone: (202) 639-6865
Fax: (202) 639-6066
lharrison@jenner.com

*Counsel for Plaintiff*

---

[4] If Dr. Saad is unable to successfully serve any of the Foreign Mailing Defendants through this method, Dr. Saad intends to request that this Court authorize alternative methods of service consistent with Rule 4(f)(3). In that event, Dr. Saad intends to also seek leave of this Court to file a motion for alternative service under seal.