IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. SAAD ALJABRI,<br><br>    Plaintiff,<br><br>    v.<br><br>MOHAMMED BIN SALMAN BIN ABDULAZIZ AL SAUD, *et al*.<br><br>    Defendants. | Civil Action No. 1:20-cv-02146-TJK |

**PLAINTIFF'S MOTION TO PARTIALLY UNSEAL**

Having successfully completed service of process on the Alternative Service Defendants pursuant to the Alternative Service Order (defined below) and the Foreign Mailing Defendants, Plaintiff Dr. Saad Aljabri ("Plaintiff"), by and through his undersigned counsel, hereby moves this Court for an Order: (1) unsealing Docket Number 9 (Sealed Motion for Leave to File Document under Seal filed August 21, 2020), Docket Number 14-5 (Exhibit E to Sealed Motion for Leave to File Document under Seal filed September 11, 2020), Docket Number 15 (Sealed Order filed September 22, 2020), Docket Number 16 (Sealed Affidavits filed September 15, 2020), Docket Number 18 (Sealed Document filed September 25, 2020), and Docket Number 19 (Sealed Document filed September 25, 2020), including any attachments; and (2) replacing previously sealed Docket Number 14 (September 11, 2020 Sealed Motion), Docket Number 14-1 (Exhibit A to September 11, 2020 Sealed Motion), Docket Number 14-2 (Exhibit B to September 11, 2020 Sealed Motion), Docket Number 14-3 (Exhibit C to September 11, 2020 Sealed Motion), Docket Number 14-4 (Exhibit D to September 11, 2020 Sealed Motion), and Docket Number 17 (Sealed

Motion filed September 15, 2020) with redacted versions filed separately under seal as Docket Numbers 43 and 45.[1]  As grounds therefore, Plaintiff states as follows:

1. On August 21, 2020, Plaintiff filed a Motion for Leave to File Affidavits Requesting Foreign Mailing Under Seal ("Foreign Mailing Sealing Motion"), requesting permission to file Affidavits Requesting Foreign Mailing under seal in order to allow Plaintiff to effectuate service under Rules 4(f)(2)(C)(ii) and 4(h)(2) of the Federal Rules of Civil Procedure. Dkt. 9.  Plaintiff requested temporary sealing of the Affidavits and related documents "given the likelihood that the Foreign Mailing Defendants will attempt to evade service if given advanced notice that an attempt at service is imminent and the manner in which that service will occur."[2]  *Id.* at 4.  Plaintiff stated that he "will move to unseal" the Affidavits "[o]nce he has successfully effectuated service on the Foreign Mailing Defendants under Rule 4(f)(2)(C)(ii)." *Id.* at 6–7.

2. On September 11, 2020, Plaintiff filed a Motion for Alternative Service ("Alternative Service Motion"), seeking the Court's authorization to allow Plaintiff to effectuate service on the Alternative Service Defendants[3] "through the messaging application WhatsApp and by mail to each Alternative Service Defendant's place of employment" (the "Alternative Service Methods") pursuant to an order from the Court under Rules 4(f)(3) and 4(h)(2).  Dkt. 14-1 at 1.

---

[1] For the Court's convenience, Plaintiff also filed separate versions of Docket Numbers 14, 14-1, 14-2, 14-3, 14-4, and 17 under seal, which contain highlighting to identify the proposed redactions in Docket Numbers 43 and 45.  *See* Dkts. 44, 46.

[2] The Foreign Mailing Defendants include Defendants Mohammed bin Salman Bin Abdulaziz Al Saud ("Defendant bin Salman"), Prince Mohammed Bin Salman Abdulaziz Foundation d/b/a MiSK Foundation ("Defendant MiSK Foundation"), Bader Alasaker ("Defendant Alasaker"), Saud Alqahtani, Ahmed Alassiri ("Defendant Alassiri"), Khalid Ibrahim Abdulaziz Algasem ("Defendant Algasem"), Mishal Fahad Alsayed ("Defendant Alsayed"), Bandar Saeed Alhaqbani, Ibrahim Hamad Abdulrahman Alhomid, Saud Abdulaziz Alsaleh, and Mohammed Alhamed.

[3] The eleven defendants that comprise the Alternative Service Defendants are the same defendants that comprise the Foreign Mailing Defendants.

Plaintiff also identified additional means through which Plaintiff could effect service on the Alternative Service Defendants (the "Supplemental Alternative Service Methods") should "the Court wish[] to supplement service beyond" the Alternative Service Methods. *Id.* Plaintiff requested and was granted leave to file the Alternative Service Motion under seal in order "to ensur[e] that the Alternative Service Defendants are not able to frustrate Plaintiff's ability to effectuate service through the reliable and personalized means proposed in the Alternative Service Motion." Dkt. 14 at 3. Plaintiff stated that he "will move to unseal" the Alternative Service Motion and related sealed documents "[o]nce he has successfully effectuated service on the Alternative Service Defendants under Rule 4(f)(3) and Rule 4(h)(2)." *Id.* at 7.

3. On September 15, 2020, the Court entered an Order granting the Foreign Mailing Sealing Motion and the Alternative Service Sealing Motion. *See* Sept. 15, 2020 Minute Order; Dkt. 16; Dkt. 17.

4. On September 16, 2020, Plaintiff initiated service under Rules 4(f)(2)(C)(ii) and 4(h)(2) by providing the United States District Court, District of Columbia Clerk's Office with eleven Notices of Electronic Filing for Affidavits Requesting Foreign Mailing and eleven Service Packages (as defined in the Foreign Mailing Sealing Motion). On September 25, 2020, the Service Packages were mailed from the Clerk's Office via DHL to the Foreign Mailing Defendants in the Kingdom of Saudi Arabia. The Service Packages were successfully delivered to six of the eleven Foreign Mailing Defendants. Dkt. 37, Defendant Alassiri Return of Service; Dkt. 38, Defendant Alasaker Return of Service; Dkt. 39, Defendant Algasem Return of Service; Dkt. 40, Defendant Alsayed Return of Service; Dkt. 41, Defendant bin Salman Return of Service; Dkt. 42, Defendant MiSK Foundation Return of Service.

5. On September 22, 2020, the Court issued a Sealed Order ("Alternative Service Order") granting Plaintiff's Motion for Alternative Service pursuant to Rules 4(f)(3) and 4(h)(2), authorizing the Alternative Service Methods. Dkt. 15. As described in more detail in the Affidavit of Thomas Musters as Proof of Service of Summons and Complaint on the Alternative Service Defendants via WhatsApp and Signal ("Musters Affidavit"), on September 22, 2020, and September 23, 2020, Plaintiff served each of the Alternative Service Defendants via WhatsApp message and five of the Alternative Service Defendants via Signal message, pursuant to Appendix A of the Alternative Service Order, thereby successfully effectuating service on each of the Alternative Service Defendants pursuant to the Alternative Service Order. Dkt. 35.

6. As described in more detail in the Declaration of David Pressman as Proof of Service of Summons and Complaint on the Alternative Service Defendants ("Pressman Declaration"), Plaintiff also effectuated service on the Alternative Service Defendants via mail pursuant to the Alternative Service Order. Dkt. 36.

7. Because Plaintiff has now served the Foreign Mailing Defendants, as well as the Alternative Service Defendants consistent with the Court's Alternative Service Order, sealing of the portions of any document related to the methods of service effectuated on those defendants is no longer required.

8. Plaintiff proposes to keep under seal at this time information pertaining to the Supplemental Alternative Methods of Service that have not been ordered by the Court nor attempted by Plaintiff for the same reasons as stated in Plaintiff's Motion for Leave to File Motion for Alternative Service under Seal. *See* Dkt. 14.

9. Therefore, in accordance with Plaintiff's pledge to move to unseal documents after successfully effectuating service (Dkt. 9 at 6–7; Dkt. 14 at 7), Plaintiff respectfully requests an

Order:  (1) unsealing Docket Number 9 (August 21, 2020 Sealed Motion), Docket Number 14-5 (Exhibit E to September 11, 2020 Sealed Motion), Docket Number 15 (September 22, 2020 Sealed Order), Docket Number 16 (September 15, 2020 Sealed Affidavits), Docket Number 18 (September 25, 2020 Sealed Document), and Docket Number 19 (September 25, 2020 Sealed Document), including any attachments; and (2) replacing previously sealed Docket Number 14 (September 11, 2020 Sealed Motion), Docket Number 14-1 (Exhibit A to September 11, 2020 Sealed Motion), Docket Number 14-2 (Exhibit B to September 11, 2020 Sealed Motion), Docket Number 14-3 (Exhibit C to September 11, 2020 Sealed Motion), Docket Number 14-4 (Exhibit D to September 11, 2020 Sealed Motion), and Docket Number 17 (Sealed Motion filed September 15, 2020) with redacted versions filed separately under seal as Docket Numbers 43 and 45 as follows:  Docket Number 14 with Docket Number 43, Docket Number 14-1 with Docket Number 43-1, Docket Number 14-2 with Docket Number 43-2, Docket Number 14-3 with Docket Number 43-3, Docket Number 14-4 with Docket Number 43-4, and Docket Number 17 with Docket Number 45.

WHEREFORE, Plaintiff respectfully requests this Court issue an Order (1) unsealing Docket Numbers 9, 14-5, 15, 16, 18, and 19, including any attachments, and (2) replacing previously sealed Docket Numbers 14, 14-1, 14-2, 14-3, 14-4, and 17 with redacted versions filed separately under seal as Docket Numbers 43 and 45 as follows:  Docket Number 14 with Docket Number 43, Docket Number 14-1 with Docket Number 43-1, Docket Number 14-2 with Docket Number 43-2, Docket Number 14-3 with Docket Number 43-3, Docket Number 14-4 with Docket Number 43-4, and Docket Number 17 with Docket Number 45.

Dated: October 29, 2020

Respectfully submitted,

JENNER & BLOCK LLP

/s/ David Pressman
David Pressman (admitted *pro hac vice*)
D.C. Bar No. 1013431
Jenner & Block LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 891-1654
Fax: (212) 891-1699
dpressman@jenner.com


/s/ Lindsay Harrison
Lindsay Harrison
D.C. Bar No. 977407
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Telephone: (202) 639-6865
Fax: (202) 639-6066
lharrison@jenner.com

*Counsel for Plaintiff*