IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAAD ALJABRI,

    *Plaintiff*,

v.

MOHAMMED BIN SALMAN BIN ABDULAZIZ AL SAUD, *et al.*,

    *Defendants*.

Civil Action No. 20-2146 (TJK)

---

**DEFENDANTS' MOTION FOR ACCESS TO SEALED RECORDS AND THE OPPORTUNITY TO PROPOSE REDACTIONS FOR CONFIDENTIAL INFORMATION IN ANY UNSEALED FILINGS**

---

All Defendants who have appeared in this action (the "Appearing Defendants")[1] hereby move to have access, through their counsel, to all filings and court orders that are currently under seal.[2] In addition, the Appearing Defendants request that they be given the opportunity to review any filings that the Court recently ordered unsealed and to propose redactions for any confidential information, including personal contact information, that should not be unsealed.

**A.    Appearing Defendants Should Have Access to All Sealed Filings**

Plaintiff Saad Aljabri ("Plaintiff") has made several sealed filings that are currently

---

[1] The Appearing Defendants are Youssef Alrajhi, Mohammed Alhamed, Bader Alasaker, Prince Mohammed bin Salman Abdulaziz Foundation, Khalid Ibrahim Abdulaziz Algasem, Ibrahim Hamad Abudlrahman Alhomid, Ahmed Alassiri, Saud Alqahtani, Saud Abdulaziz Alsaleh, Mishal Fahad Alsayed, Bandar Saeed Alhaqbani, Layla Abuljadayel, and Mohammed bin Salman bin Abdulaziz Al Saud.

[2] The Appearing Defendants have met and conferred with Plaintiff regarding this request. Plaintiff has informed the Appearing Defendants that he opposes the request to allow the Appearing Defendants access to documents that are under seal.

labeled on the docket as sealed motions, sealed affidavits, or sealed documents. *See* ECF No. 9 (with Exhibits A-K), No. 14 (with Exhibits A-E), No. 16, No. 17, No. 18, No. 19, No. 43 (with Exhibits A-D), No. 44 (with Exhibits A-D), No. 45, No. 46. The Court has also entered a sealed order. *See* ECF No. 15.

In a recent unsealed filing, Plaintiff has asserted that the sealed documents relate to Plaintiff's efforts to effectuate alternative service on Defendants. Plaintiff has filed an Affidavit of Service and a Declaration as Proof of Service, asserting that Plaintiff served the Appearing Defendants. *See* ECF No. 35; ECF No. 36.[3]

In its order granting Plaintiff's motion to seal, this Court relied on "the factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980)." Minute Order (Sept. 15, 2020). Those factors address only whether the general public should have access to court filings. *See Hubbard*, 650 F.2d at 317-22. Regardless of whether the general public receives access to these documents, as parties, the Appearing Defendants have a legitimate interest in, and a right to, access to the filings and orders in this case. "Ex parte submissions 'generally are disfavored because they conflict with a fundamental precept of our system of justice: a fair hearing requires a reasonable opportunity to know the claims of the opposing party and to meet them.'" *Chekkouri v. Obama*, 158 F. Supp. 3d 4, 5-6 (D.D.C. 2016) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (per curiam)); *cf.* ECF No. 5, ¶ 2 (generally prohibiting ex parte communications with the Court).

---

[3] The Appearing Defendants, excluding Abuljadayel, reserve all defenses, including as to insufficient service of process. *See, e.g.*, *Attakora v. District of Columbia*, 300 F.R.D. 24, 27 (D.D.C. 2013). Abuljadayel, who has waived service, *see* ECF No. 26, reserves all defenses other than insufficient service of process.

Here, Plaintiff's apparent justification for denying access to filings to the Appearing Defendants was to prevent them from attempting to evade service. *See* ECF No. 47, ¶ 1. Now that Plaintiff purports to have served those Defendants, such a justification is inapplicable. In any event, the Appearing Defendants must have the ability to review Plaintiff's filings relating to alternative service in their entirety to assess whether the alternative methods of service requested by Plaintiff were consistent with the Federal Rules and due process. *See*, *e.g.*, *American Express Co. v. Xiongwen Rui*, 2019 WL 1858101, at *2 (D. Ariz. Apr. 25, 2019) (vacating order authorizing alternative service and quashing service effectuated under such order after defendant was provided access to plaintiff's ex parte motion for alternative service).

Plaintiff recently filed a motion to partially unseal documents, which the Court granted on November 2, 2020. That order, however, unseals only some of the documents currently sealed, leaving others under seal. *See* ECF No. 48. The Court should grant the Appearing Defendants access to all sealed documents.

**B.     The Appearing Defendants Should Be Given the Opportunity To Review the Filings That Plaintiff Moves To Unseal and Propose Redactions**

The Appearing Defendants should be given the opportunity to review any of the filings that the Court has ordered unsealed and to propose redactions for any personal contact information – such as WhatsApp or Signal account information – or other confidential information that should not be publicly disclosed. This type of personal information has routinely been kept under seal. *See Heredia Mons v. Wolf*, 2020 WL 5891424, at *2 (D.D.C. Oct. 5, 2020) (redacting personally identifiable information); *In re Application for Access to Certain Sealed Warrant Materials*, 2019 WL 2184825, *at 2 (D.D.C. May 21, 2019) (keeping phone number of target of investigation under seal); *In re Application of WP Co. LLC*, 2016 WL

-4-

1604976, at *3 (D.D.C. Apr. 1, 2016) (permitting redactions of "any personal identifying or contact information").

## CONCLUSION

For the foregoing reasons, the Court should grant the Appearing Defendants (1) access, through their counsel, to all sealed filings and orders in this case; and (2) the opportunity to review any filing that the Court has ordered unsealed and propose redactions for any confidential information.

Dated:   November 2, 2020                    Respectfully submitted,

/s/ Mitchell R. Berger                       /s/ Michael K. Kellogg

Mitchell R. Berger (DC 385467)               Michael K. Kellogg (DC 372049)
Alan T. Dickey (DC 496403)                   Gregory G. Rapawy (DC 493973)
**SQUIRE PATTON BOGGS (US) LLP**             Andrew C. Shen (DC 500071)
2550 M Street, N.W.                          **KELLOGG, HANSEN, TODD, FIGEL &**
Washington, D.C. 20037                       **  FREDERICK, P.L.L.C.**
(202) 457-6000                               1615 M Street, N.W., Suite 400
                                             Washington, D.C. 20036
*Attorneys for Defendants*                   (202) 326-7900
*Mohammed Alhamed, Youssef Alrajhi,*
*and Layla Abduljadayel*                     *Attorneys for Defendant*
                                             *Mohammed bin Salman bin Abdulaziz*
/s/ Barry J. Pollack                         *Al Saud*

Barry J. Pollack (DC 434513)                 /s/ William W. Taylor, III
**THE LAW OFFICES OF BARRY J.**
**   POLLACK, LLC**                          William W. Taylor, III (DC 84194)
1629 K Street, N.W., Suite 300               Margarita K. O'Donnell (DC 1005972)
Washington, D.C. 20006                       **ZUCKERMAN SPAEDER LLP**
(202) 230-9647                               1800 M Street, N.W., Suite 1000
                                             Washington, D.C. 20036
*Attorney for Defendants*                    (202) 778-1800
*Saud Alqahtani, Ahmed Alassiri,*
*Khalid Ibrahim Abdulaziz Algasem,*          *Attorneys for Defendants*
*Mishal Fahad Alsayed, Ibrahim Hamad*        *Bader Alasaker and Prince Mohammed*
*Abdulrahman Alhomid, Saud Abdulaziz*        *bin Salman bin Abdulaziz Foundation*
*Alsaleh, and Bandar Saeed Alhaqbani*        *d/b/a MiSK Foundation*

## **CERTIFICATE OF SERVICE**

I certify that on November 2, 2020, I electronically filed the foregoing Defendants' Motion for Access to Sealed Records and the Opportunity To Propose Redactions for Confidential Information in Any Unsealed Filings, using the ECF system, which sent notice of filing in this matter to all counsel of record.

/s/ Michael K. Kellogg

Michael K. Kellogg
*Attorney for Defendant*
*Mohammed bin Salman bin Abdulaziz Al Saud*