# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DR. SAAD ALJABRI,

      Plaintiff,

      v.

MOHAMMED BIN SALMAN BIN
ABDULAZIZ AL SAUD, *et al*.

      Defendants.

Civil Action No. 1:20-cv-02146-TJK

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ACCESS TO SEALED RECORDS AND TO PROPOSE REDACTIONS IN ANY UNSEALED FILINGS

Plaintiff Dr. Saad Aljabri ("Plaintiff"), by and through his undersigned counsel, hereby responds to Defendants' Motion for Access to Sealed Records and the Opportunity to Propose Redactions for Confidential Information in Any Unsealed Filings, Dkt. 49 (the "Served Defendants' Motion").

The Served Defendants' Motion to prevent the revelation of personal contact information and phone numbers successfully utilized by Plaintiff to directly effect service on the Served Defendants[1] is a testament to the accuracy of that information.  The motion should be denied because none of the filings that will be unsealed by the Court's November 2, 2020 Order contain such information.

---

[1] The Served Defendants include Defendants Mohammed bin Salman Bin Abdulaziz Al Saud, Prince Mohammed Bin Salman Abdulaziz Foundation d/b/a MiSK Foundation, Bader Alasaker, Saud Alqahtani, Ahmed Alassiri, Khalid Ibrahim Abdulaziz Algasem, Mishal Fahad Alsayed, Bandar Saeed Alhaqbani, Ibrahim Hamad Abdulrahman Alhomid, Saud Abdulaziz Alsaleh, Mohammed Alhamed, Layla Abuljadayel, and Youssef Alrajhi.

The Served Defendants' additional request to access portions of any documents that remain under seal pursuant to the Court's November 2, 2020 Order, Dkt. 48, should be denied for the same reason the Court granted the Alternative Service Sealing Motion (defined below):  namely, the risk that Defendants will attempt to use that information to thwart any future attempts at service, if for some reason the Alternative Service Defendants[2] challenge the method by which they have been served.  Although Plaintiff has successfully served the Served Defendants, their plain intention to challenge service—combined with their efforts to frustrate service thus far—requires maintaining under seal certain limited excerpts identifying Plaintiff's back-up, supplemental methods of service.  Given that those supplemental methods were neither ordered by the Court nor attempted by Plaintiff, they are not relevant to any issues before the Court.  If the Served Defendants agree not to challenge Plaintiff's service on the Served Defendants and stipulate that Plaintiff properly effectuated service on each of the Served Defendants, Plaintiff will not oppose the Served Defendants' request to access the remaining sealed portions of Plaintiff's filings.

In the absence of such a stipulation, the Served Defendants' Motion should be denied, and the sealed, redacted portions should remain redacted.  *Ideavillage Prods. Corp. v. Abchouse*, No. 1:20-CV-04682-MKV, 2020 WL 4248492, at *1 (S.D.N.Y. July 21, 2020) (granting ex parte application filed under seal for order authorizing alternative service by electronic means).

---

[2] The Alternative Service Defendants are comprised of all the Served Defendants except Layla Abuljadayel (who waived service, Dkt. 26) and Youssef Alrajhi (who was served pursuant to Fed. R. Civ. P. 4(e), Dkt. 13).

## ANALYSIS

### A. The Served Defendants' Request to Redact True and Correct Personal Information Should Be Denied

After Plaintiff successfully effected service using the alternative means authorized by the Court, the Served Defendants argue that they "should be given the opportunity to review any of the filings that the Court has ordered unsealed and to propose redactions for any personal contact information – such as WhatsApp or Signal account information – or other confidential information that should not be publicly disclosed." Dkt. 49, Served Defs.' Mot. at 3. Plaintiff understands the Served Defendants' desire to protect the true and accurate personal contact information that Plaintiff utilized to successfully effectuate service on the Alternative Service Defendants. However, precisely to protect the confidentiality of that information, Plaintiff did not include in any portion of Plaintiff's filings the personal contact information utilized to successfully effectuate service, offering instead to provide the precise phone numbers to the Court for *in camera* review. *See, e.g.*, Dkt. 14-3, App'x A to Mot. for Alt. Serv. at 1 n.1 (offering to submit for *in camera* review, but not including in the filing, Defendants' personal phone numbers proposed to be used for WhatsApp and Signal service).[3]

Accordingly, the Served Defendants' request to review and redact personal information should be denied.

---

[3] Plaintiff also proposed, and the Court authorized, service to the residential address of Defendant Mohammed bin Salman, but that address is publicly available. *See* Mohamed al-Harby, *IN PICTURES: Al-Awja Palace: Royal 'Majlis' for Kings, Cradle of History,* Al Arabiya, Dec. 16, 2018, https://english.alarabiya.net/en/life-style/travel-and-tourism/2018/12/16/Saudi-s-al-Awja-Palace-a-royal-Majlis-for-kings-cradle-of-history. All other addresses included in the filings were non-residential business addresses.

**B. The Served Defendants Should Not Have Access to the Redacted Portions of Plaintiff's Filings**

The Served Defendants also request access "to all filings and court orders that are currently under seal."  Dkt. 49, Served Defs.' Mot. at 1.

The Served Defendants assert that the Court's presently-stayed November 2, 2020 Order, Dkt. 48, "unseals only some of the documents currently sealed, leaving others under seal."  Dkt. 49 at 3.  That is factually incorrect.  The Court's November 2, 2020 Order unseals *all* previously sealed documents, but keeps under seal only certain limited portions of documents describing personal contact information that could be used as additional means of service that have not yet been ordered by the Court nor attempted by Plaintiff.

The Served Defendants should not have access to the redacted information in these documents for the same reason the Court granted Plaintiff's Motion for Leave to File Motion for Alternative Service Under Seal (the "Alternative Service Sealing Motion"); namely, to prevent the Alternative Service Defendants from thwarting future service, if for some reason the Alternative Service Defendants challenge the method by which they have been served already.  The Served Defendants argue that "[n]ow that Plaintiff purports to have served those Defendants, such a justification is inapplicable."  Dkt. 49, Served Defs.' Mot. at 3.  At the same time, the Served Defendants (except Defendant Abuljadayel) have not stipulated to service, and indeed are at least contemplating a challenge to the sufficiency of service as currently effectuated.  *See id*. at 2 n.3 ("The [Served] Defendants, excluding Abuljadayel, reserve all defenses, including as to insufficient service of process.").[4]  Should the Served Defendants agree not to challenge Plaintiff's

---

[4] The Served Defendants also identify an out-of-district case where service was later quashed because of the availability of service under the Hague Convention.  *See* Dkt. 49, Served Defs.'

service on the Served Defendants and stipulate that Plaintiff properly effectuated service on each of the Served Defendants, Plaintiff will not oppose their request to access the remaining sealed portions of Plaintiffs' filings.  In the absence of such a stipulation, however, sealing information related to the supplemental methods of service is necessary to prevent the Alternative Service Defendants from thwarting Plaintiff's attempts to effectuate service if additional methods later become necessary.

The Served Defendants argue that the *Hubbard* factors relied upon by the Court in granting the Alternative Service Sealing Motion "address only whether the general public should have access to court filings," and that "[e]x parte submissions generally are disfavored[.]"  Dkt. 49, Served Defs.' Mot. at 2 (quotation marks omitted).  But as Plaintiff established in his Alternative Service Sealing Motion, sealing of the methods of alternative service *from the Defendants* "is necessary to prevent the Alternative Service Defendants from thwarting Dr. Saad's attempts to effectuate service," Dkt. 14, Alt. Serv. Sealing Mot. at 4.  Sealed, ex parte submissions under similar circumstances are routinely allowed.  *See, e.g.*, *Ideavillage Prods. Corp.*, 2020 WL 4248492, at *1 (granting ex parte application filed under seal for order authorizing alternative service by electronic means); *Adidas AG v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 19-CV-61264-UU, 2019 WL 7841807, at *1 (S.D. Fla. May 23,

---

Mot. at 3 (citing *Am. Express Co. v. Xiongwen Rui*, 2019 WL 1858101, at *2 (D. Ariz. Apr. 25, 2019) (vacating order authorizing alternative service and quashing service effectuated under the order).  The Kingdom of Saudi Arabia has not acceded to the Hague Convention, forcing litigants to routinely use alternative means of service.  *See* Hague Conference on Private International Law, *Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17; *see also Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 CIV. 9641 (RCC), 2005 WL 696769, at *2, *4 (S.D.N.Y. Mar. 23, 2005) (granting motion for alternative service of defendant in Saudi Arabia in part because the country is not a signatory to Hague Convention).

2019) (issuing sealed order granting ex parte motion to authorize alternative service); *D.C. Comics Inc. v. John Does 1-25*, No. CIV.A. 89-1669, 1989 WL 1631826, at *1 (D.D.C. June 26, 1989) (describing earlier grant of ex parte motion to seal the record in the case until plaintiff effected service of process). Moreover, this threat is not theoretical after the Defendants made numerous attempts to thwart service thus far. For example, after the Summons and Complaint was delivered to Defendant bin Salman by mail and signed upon receipt, the recipient then requested that FedEx retrieve the package, while Defendant Alsaleh and Defendant Alhaqbani both refused mail deliveries. Dkt. 36, Decl. of David Pressman as Proof of Serv. of Summons and Compl. on the Alt. Serv. Defs. ¶¶ 4 n.1, 18, 20.

The Served Defendants argue that they "must have the ability to review Plaintiff's filings relating to alternative service in their entirety to assess whether the alternative methods of service requested by Plaintiff were consistent with the Federal Rules and due process." Dkt. 49, Served Defs.' Mot. at 3. We agree. Plaintiff does not oppose the Served Defendants' claim that they should have access to all relevant portions of the filings necessary to make this determination; indeed, those are precisely the portions Plaintiff has sought to unseal and the Court has ordered unsealed. Dkt. 47, 48. However, supplemental alternative methods of service that were not ordered by the Court, and which Plaintiff has not utilized to effectuate service, are not relevant to the Served Defendants' arguments, and have no bearing on the Served Defendants' ability to challenge the service that has actually been effectuated by Plaintiff. The portions of Plaintiff's filings that Plaintiff seeks to maintain under seal include only descriptions of the supplemental alternative methods of service that have not been used in this litigation, including personal contact

information for the Defendants.[5]  They are thus entirely immaterial to any legitimate purpose of Defendants.

Accordingly, the Court should lift the stay on its Order dated November 2, 2020, Dkt. 48, and the Served Defendants should not be granted access to the sealed, redacted portions of the record.[6]

## CONCLUSION

For the foregoing reasons, the Court should deny the Served Defendants' Motion.

---

[5] The Served Defendants appear to agree that such information should be kept under seal from the public.  *See* Dkt. 49, Served Defs.' Mot. at 3–4.

[6] If necessary to establish that the Served Defendants have no need and are thus not entitled to access the redacted excerpts, Plaintiff hereby withdraws the redacted portions of Plaintiff's filings, which are irrelevant to any issues before the Court, and requests the Court strike them from the record.  *See Bank of Am., N.A. v. Fed. Deposit Ins. Co.*, No. 10-CV-01681 (BJR), 2014 WL 12666795, at *1 (D.D.C. June 20, 2014) (striking from the record motion withdrawn by party); *Gard v. United States Dep't of Educ.*, No. CV 00-1096 (PLF), 2007 WL 9759999, at *3 (D.D.C. Nov. 9, 2007) (striking from the record and sealing documents filed by plaintiff).  Should Plaintiff later need to use the supplemental methods of service described in the redacted excerpts, Plaintiff will file a new motion for alternative service.

Dated: November 16, 2020

Respectfully submitted,

JENNER & BLOCK LLP

/s/ David Pressman

David Pressman (admitted *pro hac vice*)
D.C. Bar No. 1013431
Jenner & Block LLP
919 Third Avenue
New York, NY 10022
Telephone:  (212) 891-1654
Fax: (212) 891-1699
dpressman@jenner.com


/s/ Lindsay Harrison

Lindsay Harrison
D.C. Bar No. 977407
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Telephone:  (202) 639-6865
Fax:  (202) 639-6066
lharrison@jenner.com

*Counsel for Plaintiff*