IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAAD ALJABRI,<br><br>    *Plaintiff*,<br><br>v.<br><br>MOHAMMED BIN SALMAN BIN ABDULAZIZ AL SAUD, *et al*.,<br><br>    *Defendants*. | Civil Action No. 20-2146 (TJK) |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR ACCESS TO SEALED RECORDS AND THE OPPORTUNITY TO PROPOSE REDACTIONS FOR CONFIDENTIAL INFORMATION IN ANY UNSEALED FILINGS**

**A.   The Court Should Grant the Appearing Defendants, Through Their Counsel, Access to All Sealed Filings**

Plaintiff Saad Aljabri ("Aljabri") successfully moved this Court to authorize methods of alternative service on many Defendants on the basis of an *ex parte* sealed submission. The Appearing Defendants'[1] deadline to respond to Aljabri's Complaint is December 7, 2020, just two weeks away. The Appearing Defendants need to view Aljabri's *ex parte* submission to assess whether the purported alternative service complied with the Federal Rules and due process, and to draft a motion to dismiss for improper service should they choose to file one.[2]

---

[1] The Appearing Defendants are Youssef Alrajhi, Mohammed Alhamed, Bader Alasaker, Prince Mohammed bin Salman Abdulaziz Foundation, Khalid Ibrahim Abdulaziz Algasem, Ibrahim Hamad Abudlrahman Alhomid, Ahmed Alassiri, Saud Alqahtani, Saud Abdulaziz Alsaleh, Mishal Fahad Alsayed, Bandar Saeed Alhaqbani, Layla Abuljadayel, and Mohammed bin Salman bin Abdulaziz Al Saud.

[2] Aljabri made two additional sealed *ex parte* filings on November 6, ECF No. 50; ECF No. 51, after this motion was filed. The Appearing Defendants seek access to those filings as well, which are not mentioned in Aljabri's opposition.

-1-

Aljabri appears to concede (at 6) that the Appearing Defendants "'must have the ability to review Plaintiff's filings relating to alternative service in their entirety to assess whether the alternative methods of service requested by Plaintiff were consistent with the Federal Rules and due process.'" Yet Aljabri qualifies that concession by asserting that the Appearing Defendants should only "have access to all relevant portions of the filings" and that he should be able to withhold portions that he deems "not relevant to the Served Defendants' arguments." That is not how our adversarial system works. A litigant is not entitled to seek relief based on *ex parte* submissions and then decide for himself what portions of those submissions are relevant to arguments the opposing parties might make in opposition to that relief.

Such a result would prejudice the Appearing Defendants and would "'conflict with a fundamental precept of our system of justice: a fair hearing requires a reasonable opportunity to know the claims of the opposing party and to meet them.'" *Chekkouri v. Obama*, 158 F. Supp. 3d 4, 5-6 (D.D.C. 2016) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (per curiam)). Aljabri's proposed solution – that the Appearing Defendants receive the information needed to challenge service only if they waive their right to mount such a challenge – is simply facetious and underscores how Aljabri unfairly seeks to hinder the Appearing Defendants' ability to respond to his Complaint.

None of Aljabri's arguments justifies withholding from the Appearing Defendants any portion of Aljabri's *ex parte* submissions. Aljabri cites (at 5-6) cases granting *ex parte* motions for alternative service. But, regardless of whether Aljabri should have been permitted to file his motion on an *ex parte* basis in the first instance, the issue here is whether, after Aljabri purportedly effectuated the alternative service authorized by the Court, he can continue to withhold portions of that *ex parte* submission. Critically, Aljabri has cited no case in which a

court has withheld an *ex parte* motion for alternative service from a defendant, once counsel has formally appeared on behalf the defendant.

*American Express Co. v. Xiongwen Rui*, 2019 WL 1858101 (D. Ariz. Apr. 25, 2019), cited by the Appearing Defendants in their motion, illustrates why access to Aljabri's submission is necessary.  In *Rui*, the district court initially issued an order authorizing alternative service on the basis of an *ex parte* submission.  *Id.* at *1.  Once the defendant had been served and the court granted him access to the plaintiff's submission, the defendant submitted uncontroverted evidence showing that the plaintiff's submission was misleading.  *Id.*  As a result, the court vacated its alternative service order, concluding that it would not have ordered the alternative service had it not been misled by the plaintiff's submission.  *Id.* at *2.  Aljabri attempts (at 4-5 n.4) to distinguish *Rui* on the basis that service under the Hague Convention was available in *Rui*, but that misses the point entirely.  *Rui* shows that, even where a court initially grants alternative service based on an *ex parte* submission, the defendant ultimately must have an opportunity to test the accuracy and propriety of that submission.

Aljabri's further assertion that the proposed redactions relate to supplemental service methods not used by Plaintiff does not render them irrelevant.  Aljabri's full submission regarding all the potential methods of service is relevant in assessing the propriety of that request.  A district court's decision to authorize alternative service is highly fact-dependent, requiring "'a showing that the circumstances are such that the court's intervention is necessary.'"  *Baliga v. Link Motion Inc.*, 385 F. Supp. 3d 212, 220 (S.D.N.Y. 2019) (quoting *Wei Su v. Sotheby's, Inc.*, 2018 WL 4804675, at *3 (S.D.N.Y. Oct. 3, 2018)).  Aljabri's request to now "withdraw[] the redacted portions of the Plaintiff's filings," which he claims are now "irrelevant to any issues before the Court," and have them "stri[cken] . . . from the record," Opp. 7 n.6, is unavailing.

Aljabri has already obtained an order from the Court approving methods of alternative service on the basis of his full submission, including the redacted portions. He cannot unring that bell.

Finally, Aljabri's assertion that disclosure of the redacted information could hinder future efforts at supplemental service – should any prove necessary – cannot justify his request to continue withholding that information from the Appearing Defendants. Aljabri's claim is entirely speculative, while the prejudice to the Appearing Defendants of having to respond to the Complaint without full information about service is immediate and certain. Moreover, even if the Court were to credit Aljabri's supposed need to keep this information from the Appearing Defendants, it could still be disclosed to the Appearing Defendants' counsel on an "outside counsel only" basis. *See Chekkouri*, 158 F. Supp. 3d at 6 (rejecting potential harm from disclosing *ex parte* filings to petitioner's counsel where "the Protective Order in this case prohibits petitioner's counsel from releasing the filing, or any information contained therein, . . . to petitioner's own client").

**B.     The Court Should Give the Appearing Defendants the Opportunity To Review and Propose Redactions to the Filings It Ordered Unsealed**

Before the Court lifts the stay on its order granting Aljabri's Motion to Unseal and makes those filings public, *see* Order, ECF No. 48 (Nov. 2, 2020), the Court should give the Appearing Defendants the opportunity to review the filings and propose any appropriate redactions for confidential information. Again, Aljabri concedes that the Appearing Defendants have a legitimate interest in protecting any confidential contact information. He asserts (at 3), however, that the sealed filings do not contain any such information.[3] We of course accept that

---

[3] Contrary to Aljabri's assertion (at 1, 3), Defendants have not conceded or acknowledged that the contact information Aljabri used to effectuate the purported alternative service was "accura[te]," "true," or "correct."

representation as made in good faith, but the Appearing Defendants should still be allowed to review the filings in the first instance to make their own judgment whether the filings contain any information that implicates the Appearing Defendants' confidentiality interests. If Aljabri is correct that the filings contain no confidential information, then granting the Appearing Defendants' request will result in only a brief delay before the filings are made available to the public.

## CONCLUSION

For the foregoing reasons, the Court should grant the Appearing Defendants (1) access, through their counsel, to all sealed filings and orders in this case; and (2) the opportunity to review any filing that the Court has ordered unsealed and propose redactions for any confidential information.

Dated:   November 20, 2020                              Respectfully submitted,

/s/ Mitchell R. Berger                                  /s/ Michael K. Kellogg

Mitchell R. Berger (DC 385467)                          Michael K. Kellogg (DC 372049)
Alan T. Dickey (DC 496403)                              Gregory G. Rapawy (DC 493973)
**SQUIRE PATTON BOGGS (US) LLP**                        Andrew C. Shen (DC 500071)
2550 M Street, N.W.                                     **KELLOGG, HANSEN, TODD, FIGEL &**
Washington, D.C. 20037                                  **    FREDERICK, P.L.L.C.**
(202) 457-6000                                          1615 M Street, N.W., Suite 400
                                                        Washington, D.C. 20036
*Attorneys for Defendants*                              (202) 326-7900
*Mohammed Alhamed, Youssef Alrajhi,*
*and Layla Abduljadayel*                                *Attorneys for Defendant*
                                                        *Mohammed bin Salman bin Abdulaziz*
                                                        *Al Saud*
/s/ Barry J. Pollack

Barry J. Pollack (DC 434513)                            /s/ William W. Taylor, III
**THE LAW OFFICES OF BARRY J.**
**    POLLACK, LLC**                                    William W. Taylor, III (DC 84194)
1629 K Street, N.W., Suite 300                          Margarita K. O'Donnell (DC 1005972)
Washington, D.C. 20006                                  **ZUCKERMAN SPAEDER LLP**
(202) 230-9647                                          1800 M Street, N.W., Suite 1000
                                                        Washington, D.C. 20036
*Attorney for Defendants*                               (202) 778-1800
*Saud Alqahtani, Ahmed Alassiri,*
*Khalid Ibrahim Abdulaziz Algasem,*                     *Attorneys for Defendants*
*Mishal Fahad Alsayed, Ibrahim Hamad*                   *Bader Alasaker and Prince Mohammed*
*Abdulrahman Alhomid, Saud Abdulaziz*                   *bin Salman bin Abdulaziz Foundation*
*Alsaleh, and Bandar Saeed Alhaqbani*                   *d/b/a MiSK Foundation*

## **CERTIFICATE OF SERVICE**

I certify that on November 20, 2020, I electronically filed the foregoing Reply Memorandum in Support of Defendants' Motion for Access to Sealed Records and the Opportunity To Propose Redactions for Confidential Information in Any Unsealed Filings, using the ECF system, which sent notice of filing in this matter to all counsel of record.

/s/ Michael K. Kellogg

Michael K. Kellogg
*Attorney for Defendant*
*Mohammed bin Salman bin Abdulaziz Al Saud*