UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAAD ALJABRI,

    *Plaintiff*,

v.

MOHAMMED BIN SALMAN BIN
ABDULAZIZ AL SAUD *et al.*,

    *Defendants*.

Civil Action No. 20-2146 (TJK)

# ORDER

Appearing Defendants[1] have moved for access to all filings the Court temporarily sealed because of Plaintiff's concerns that Appearing Defendants would try to evade service, as well as for the opportunity to review such filings before their unsealing on the public docket to propose any redactions necessary to protect their confidential information. ECF No. 49 at 1. Plaintiff opposes both requests. ECF No. 52. Instead, Plaintiff asks the Court to immediately unseal these filings because in his view they do not contain Defendants' confidential information, except that he requests that the Court maintain under seal certain information relating to back-up methods of alternative service that Plaintiff proposed, but the Court did not order. *Id.*

On the first issue, the Court agrees with Appearing Defendants. Plaintiff may be right that the sealed filings do not contain any of Appearing Defendants' confidential information that should remain under seal. But there is no reason not to provide Appearing Defendants their own

---

[1] The "Appearing Defendants" are Youssef Alrajhi, Mohammed Alhamed, Bader Alasaker, Prince Mohammed bin Salman Abdulaziz Foundation, Khalid Ibrahim Abdulaziz Algasem, Ibrahim Hamad Abudlrahman Alhomid, Ahmed Alassiri, Saud Alqahtani, Saud Abdulaziz Alsaleh, Mishal Fahad Alsayed, Bandar Saeed Alhaqbani, Layla Abuljadayel, and Mohammed bin Salman bin Abdulaziz Al Saud.

chance to make sure.  The Court will give them that opportunity.

The second issue raises the question of whether the information in these sealed filings relating to back-up methods of alterative service that were not undertaken by Plaintiff should remain under seal.  Plaintiff points out that Appearing Defendants plan to challenge the service that Plaintiff asserts *was* undertaken.  ECF No. 52 at 2.  Thus, Plaintiff may need to rely on these back-up methods in the future, and so—as he previously argued—the information should remain under seal because Defendants may attempt to evade service.  Indeed, Plaintiff alleges that the "Defendants [have] made numerous attempts to thwart service thus far." *Id*. at 6.  For their part, Appearing Defendants argue that they need this information to effectively challenge the sufficiency of service because "all the potential methods of service [are] relevant in assessing the propriety of [Plaintiff's] request [for alternative service]."  ECF No. 53 at 3.

"[T]he decision as to access (to judicial records) is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."  *United States v. Hubbard*, 650 F.2d 293, 316–17 (D.C. Cir. 1980) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).  "[T]he starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'"  *EEOC v. Nat'l Children's Ctr. Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991)).  To determine whether documents should be sealed, courts in this Circuit weigh six factors: (1) the need for public access to the documents at issue; (2) the extent of prior public access to and use of the documents; (3) the fact of objection to disclosure and identity of those objecting; (4) the strength of the property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced.  *Hubbard*,

650 F.2d at 317–21.  Courts in this Circuit have also used the *Hubbard* framework to evaluate whether documents should be sealed from other parties to the litigation and submitted to the court *ex parte*.  *See, e.g.*, *United States ex rel. Kammarayil v. Sterling Ops., Inc.*, No. 15-1699 (BAH), 2018 WL 6839747, at *5–7 (D.D.C. Dec. 31, 2018).

      Weighing the above factors, the Court concludes that a solution proposed by the Appearing Defendants appropriately balances them here.  The Appearing Defendants suggest that the back-up alternative service information could be provided to them on an "outside counsel only" basis, *i.e.*, by the Court requiring counsel for the Appearing Defendants not to disclose the information to their clients, and to otherwise keep the material under seal from the public.  ECF No. 53 at 4.  While doing so is unusual, it addresses Appearing Defendants' interest in being able to use this information to challenge the sufficiency of service, while also addressing Plaintiff's interest in ensuring that Appearing Defendants cannot use the information to evade service in the future.  *See Chekkouri v. Obama*, 158 F. Supp. 3d 4, 6 (D.D.C. 2016) (finding that disclosure of information to counsel where disclosure to the client and public was prohibited would not harm interests of party seeking to file documents *ex parte*).  And as far as the general public's interest in the information goes, as was the case when the Court granted Plaintiff's original motion to seal, the *Hubbard* factors continue to weigh in favor of sealing this information.  Even though there is a strong presumption in favor of public access to judicial proceedings, the public has never had access to the back-up alternative service information, no party has articulated why the public needs access to it, and in any event the sealing is only temporary.

      Accordingly, it is hereby **ORDERED** that Appearing Defendants' Motion for Access to Sealed Records and the Opportunity to Propose Redactions, ECF No. 49, is **GRANTED IN**

**PART.** It is **FURTHER ORDERED** that:

1. Plaintiff shall provide Appearing Defendants' counsel with unredacted versions of all sealed filings by December 1, 2020, with the back-up alternative service information highlighted or otherwise identified;

2. The back-up alternative service information in these filings shall remain under seal and Appearing Defendants' counsel shall not disclose or permit the disclosure of this information, directly or indirectly, to any other person or entity, including their clients (the Appearing Defendants), except for counsel's employees who have responsibility for litigating this matter, who themselves shall also not further disclose or permit the disclosure of this information;

3. The parties shall meet and confer regarding the need to redact any of Defendants' confidential information from the sealed filings;

4. The parties shall either (1) jointly move to unseal the filings on the public docket with the back-up alternative service information and any agreed-upon confidential information redacted, or (2) jointly propose a briefing schedule to resolve any disagreements about Defendants' confidential information, by December 16, 2020; and

5. The Court's Order granting Plaintiff's Motion to Unseal, ECF No. 48, is **VACATED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: November 27, 2020