# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SAAD ALJABRI,<br><br>       *Plaintiff,*<br><br>v.<br><br>MOHAMMED BIN SALMAN BIN<br>ABDULAZIZ AL SAUD, *et al.,*<br><br>       *Defendants.* | Civil Action No. 20-2146 (TJK) |

**DECLARATION OF FAHAD NASSER AlARFAJ IN SUPPORT OF
DEFENDANTS' MOTIONS TO DISMISS**

1.      My name is Fahad Nasser Alarfaj, and I am a partner at the law firm of Abdulaziz H. Al Fahad & Partners in Riyadh, Saudi Arabia.  I submit this legal opinion on Saudi law issues in support of Defendants' motions to dismiss, in connection with the above-captioned litigation (the "**Claim**").

2.      I have been a practicing lawyer in Saudi Arabia for over 18 years.  Before joining Al Fahad & Partners in 2005, I worked at the Saudi Arabian Oil Company (Saudi Aramco), which is a publicly traded company on the Saudi Stock Exchange.  In that role, I served as a legal advisor to the company and to the Saudi Arabian Ministry of Petroleum and Mineral Resources.

3.      Through my 18 years of experience as a practicing lawyer, I have developed extensive expertise in Saudi Arabian law and procedure and the Saudi Arabian justice system.  My practice includes a wide range of legal services, including representing clients in litigation and domestic and international arbitration and drafting laws in Saudi Arabia, among others.  I earned a bachelor's degree in Islamic law from Al Imam Mohammed bin Saud Islamic University, a juris doctor degree from Valparaiso University School of Law, and a master of laws degree from American University Washington College of Law.

1

4.      In this declaration, I provide my opinion, based on my experience described above, about:  (1) the remedies available in Saudi Arabia for an alleged extrajudicial killing or other alleged violations of international law; (2) Saudi Arabian law regarding a cause of action analogous to the American common-law cause of action for intentional infliction of emotional distress; and (3) means for service of process in a case initiated outside of Saudi Arabia.

**Saudi Arabia's Legal System**

5.      Saudi law is founded on Islamic law (*i.e.*, *Sharia*).  Under Islamic law, the Quran and Prophetic Traditions (*i.e.*, *Hadiths*),[1] as well as the authoritative texts, vest the Imam, or King, with broad authority to rule the country, including the ability to adopt laws and regulations.[2]  Saudi law is further supplemented by modern legislation, which is enforced by the courts so long as it is not inconsistent with the generally accepted Islamic legal principles.[3]

6.      Saudi Arabia's judicial system consists of three parts: (1) the general judiciary, (2) the administrative judiciary, and (3) specialized judicial tribunals.  Under Saudi law, the subject matter of the Claim would fall within the jurisdiction of the general judiciary, which consists of courts of first instance, appellate courts, and the Supreme Judicial Council.  The courts of first

---

[1] Hadiths are reports of the deeds and sayings of the Prophet Mohammed.  Each hadith is composed of two parts:  a chain of authorities (*isnad*) and the text (*matn*).

[2] The Quran says "Believers, obey Allah and obey the Messenger and those in authority among you" (4:49).  The Prophet Muhammad said, "whoever obeys me is obeying God and whoever disobeys me is disobeying God, and whoever obeys the Imam is obeying God and whoever disobeys the Imam is disobeying God" (Al Bukari Book).

[3] *See* Royal Order No. A/91 dated 02/09/1412H (5 March 1992G), Basic Regulations, Art. 48 ("The Courts shall apply rules of Sharia in cases that are brought before them, according to the Quran and the Sunna (*Hadiths*), and according to laws which are decreed by the ruler in accordance with the Quran and the Sunna.").

instance consist of the general courts, the criminal courts, the matrimonial courts, the commercial courts, and the labor courts.[4]

7.     The Council of Ministers, typically headed by the King himself,[5] and the Shura (Consultative) Council are the legislative bodies in the Kingdom.[6]   Typically, the King decrees laws that are reviewed and considered by the Council of Ministers and the Shura Council (and that, in the Councils' view, are consistent with the principles of Islamic law).[7]   Because the political leader of the community (*i.e.*, the King) is vested with lawmaking authority, validly promulgated laws presumptively comply with Islamic law.   The regulations and laws so promulgated are binding on everyone, including the Kingdom's courts, as well as arbitration panels where the subject matter of the dispute is governed by Saudi law.

**Available Remedies in Saudi Arabia for an Extrajudicial Killing**

8.     In this declaration, I use the term "extrajudicial killing" as I understand that term is defined in the United States Torture Victims Protection Act of 1991 and as that term is understood in customary international law.

9.     Shariah aims to protect and maintain basic human rights, including the right to be free from unjustified deprivation of life.[8]   The Basic Law of Governance emphasizes the

---

[4] Royal Decree No. M/78 dated 19/09/1428H (01 October 2007G), Law of the Judiciary, Art. 9.

[5] Royal Order No. A/13 dated 10/03/1414H (27 August 1993G), Council of Ministers Law, Art. 1.

[6] Royal Order No. A/13 dated 10/03/1414H (27 August 1993G), Council of Ministers Law, Art. 20; Royal Order No. A/91 dated 27/08/1412H (2 March 1992G), Shoura Council Law, Art. 18.

[7] *Id.*

[8] The Quran says "That is why We ordained for the Children of Israel that whoever takes a life—unless as a punishment for murder or mischief in the land—it will be as if they killed all of humanity; and whoever saves a life, it will be as if they saved all of humanity" (5:32).  The Quran

importance of protecting human rights and requires the State to ensure the protection of such rights.[9]

10.   Moreover, Saudi Arabia has created government agencies specifically tasked with investigating and remedying violations of human rights, which would include extrajudicial killings and other, similar violations of international law.  The Saudi Arabian Human Rights Commission ("HRC") is an independent government authority empowered to investigate and remedy violations of human rights.  For example, the HRC is authorized to "uncover any violations of the laws applicable in the Kingdom that constitute infringement of human rights, and take necessary legal measures in this respect."  Statute of Human Rights Commission art. 5(1); *see also id*. art. 5(7) (authorizing HRC to "[r]eceive and verify complaints related to human rights and take legal measures pertaining to them").

11.   Similarly, the Saudi Arabian National Society for Human Rights ("NSHR") is a quasi-governmental organization whose functions include "ensur[ing] the fulfillment of the obligation of the Kingdom concerning issues of human rights" and "receiv[ing] complaints and grievances" about violations of human rights and "follow[ing] them up with competent entities." Constitution of NSHR art. 3.

12.   An extrajudicial killing would violate Shariah law and would give rise to a cause of action in Saudi Arabia's criminal courts.[10]  Murder, including extrajudicial killing, is punishable

---

further says "Do not kill a soul [whose life] Allah has made inviolable, except with due cause…" (17:33).

[9] Royal Order No. A/91 dated 02/09/1412H (5 March 1992G), Basic Regulations, Art. 26 ("The State shall protect human rights in accordance with the Sharia.").

[10] Royal Decree No. M/2 dated 22/01/1435H (25 November 2013G), Law of Criminal Procedures, Art. 128 ("Without prejudice to the jurisdictions of other courts, the criminal court shall have jurisdiction over all criminal cases.").

by death.[11]  Saudi law also recognizes a civil cause of action and compensation for criminal actions, including extrajudicial killing, and such claim would fall within the jurisdiction of the general court.[12]  If the claim brought for extrajudicial killing involves both criminal and civil claims, then the criminal court would have jurisdiction to review the criminal claim and all other related claims, including the civil claim.[13]  A plaintiff may also bring a stand-alone civil case to recover damages as a result of an extrajudicial killing.[14]

**Intentional Infliction of Emotional Distress**

13.    I understand that American courts generally recognize a common-law cause of action for the intentional infliction of emotion distress.  I further understand that the District of Columbia recognizes such a cause of action, which requires a plaintiff to establish "(1) extreme and outrageous conduct on the part of the defendants, which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress."  *Williams v. District of Columbia*, 9 A.3d 484, 493-94 (D.C. 2010).

---

[11]  The Quran says "Oh you who believe, Qisas is prescribed for you in cases of murder" (2"178).  Qisas is retaliation or retribution, similar to the biblical principle of "an eye for an eye."

[12]  Royal Decree No. M/2 dated 22/01/1435H (25 November 2013G), Law of Criminal Procedures, Art. 153 ("If a person harmed by a crime files an action for damages [compensation] with a competent court, and a criminal action is filed, he may abandon his action before that court and file it with the court considering the criminal action, unless pleadings in either action are completed.").

[13]  Royal Decree No. M/2 dated 22/01/1435H (25 November 2013G), Law of Criminal Procedures, Art. 132 ("The court considering a criminal case shall have jurisdiction to decide all matters deemed necessary for ruling on the criminal case filed before it, unless the law stipulates otherwise.").

[14]  *See supra* note 12.  *See also* Case No. 34214942 dated 18/05/1433H (10 April 2012), Appellate Court Decision No. 34260613 dated 05/07/1434H (15 May 2013) (acknowledging a stand-alone civil cause of action resulting from a crime).

14.     Saudi Arabian law does not recognize a cause of action for the intentional infliction of emotional distress as described in paragraph 13 above.  Although Saudi law generally recognizes compensation for intangible damages, including psychological damages, Saudi courts would award compensation for psychological distress only as a consequence of another established tangible harm, such as assault or killing. [15]  Moreover, it is extremely rare in Saudi Arabia to award damages for psychological distress.

**Means of Serving Process**

15.     Through my experience practicing law in Saudi Arabia, I am familiar with methods for service of process in civil lawsuits that comport with Saudi law.  I understand from counsel that the plaintiff in the Claim has attempted to effect service of process on the defendants via (1) the mobile application WhatsApp; and (2) the mail.

16.     Saudi Arabia is a party to the GCC Treaty for Execution of Judgment, Delegations and Judicial Notifications[16] and the Riyadh Arab Agreement for Judicial Cooperation[17] regarding judicial procedures, including service of process.  Both treaties provide that, for cases filed outside of the Saudi Arabia and within the GCC member States or the Arab League member States, the only permissible means for effecting service are:  (i) through the competent court or authority in

---

[15] *See* Case No. 2084/1/Q for the year 1435, Appellate Court Decision No. 519/4 for the year 1435.

[16] The GCC Agreement for Execution of Judgment, Delegations and Judicial Notifications (1997).  The GCC member States are the Kingdom of Bahrain, the State of Kuwait, the Sultanate of Oman, the State of Qatar, the Kingdom of Saudi Arabia, and the United Arab Emirates.

[17] Riyadh Arab Agreement for Judicial Cooperation (1983).  The Arab League States are the GCC member States, the State of Palestine, the Republic of Iraq, the Republic of Yemen, the Republic of Sudan, the Islamic Republic of Mauritania, the Arab Republic of Syria, the Democratic Republic of Somalia, the Republic of Tunisia, the Kingdom of Jordan, the Kingdom of Morocco, the Republic of Libya, the Republic of Lebanon, the Republic of Egypt, the Republic of Algeria, and the Republic of Djibouti.

the jurisdiction of which the person required to be notified resides for civil, commercial, personal affairs, and administrative cases; and (ii) directly through the Ministry of Justice of each member State for criminal cases.[18]  These treaties do not permit service by mail or by electronic means, such as WhatsApp.

17.     Save for disputes involving real estate located outside Saudi Arabia, Saudi courts have jurisdiction over claims filed against a Saudi citizen.[19]  Serving a defendant residing outside Saudi Arabia would be considered valid if the service is made via diplomatic channels.[20]  Service of process to a resident of Saudi Arabia in a case filed outside of Saudi Arabia must be made by diplomatic channels and must be sent to the general court where the person in Saudi Arabia resides.[21]  In such cases, service via electronic messaging applications like WhatsApp and service via direct mail is not valid under Saudi law.

18.     I have reviewed the September 1, 2020 Declaration of Abdullah Alaoudh in which he states that, under Saudi law, service of process can be effectuated "through electronic means,

---

[18] The GCC Agreement for Execution of Judgment, Delegations and Judicial Notifications (1997), Art. 20; Riyadh Arab Agreement for Judicial Cooperation (1983), Art. 6.

[19] Royal Decree No. M/1 dated 22/01/1435H (25 November 2013G), Law of Civil Procedures, Art. 24 ("The Kingdom's courts shall have jurisdiction over cases filed against a Saudi citizen even if he has no known general or designated place of residence in the Kingdom, except for cases in rem involving real property outside the Kingdom.").

[20] Royal Decree No. M/1 dated 22/01/1435H (25 November 2013G), Law of Civil Procedures, Art. 19 ("If the place of residence of the person to be served is outside the Kingdom, a copy of the notice shall be sent to the Ministry of Foreign Affairs for delivery through diplomatic channels.  A statement indicating that the copy has been delivered to the person to be served shall be deemed sufficient.").

[21] Royal Decree No. M/1 dated 22/01/1435H (25 November 2013G), Law of Civil Procedures, Art. 20 ("If the place of service inside the Kingdom lies outside the court's jurisdiction, the papers to be served shall be sent by such court to the court within whose jurisdiction the service takes place.").  Article 20/1 of the Implementing Regulations of the Law of Civil Procedures provides that the court mentioned in Article 20 above is the general court.

including through text messages or WhatsApp message using mobile phone numbers and through electronic mail." In support of that assertion, Mr. Alaoudh references a December 2017 Royal Order (the "**2017 Royal Order**").[22]

19.     The 2017 Royal Order does not support Mr. Alaoudh's assertion for two reasons. First, this Royal Order applies only to service within Saudi Arabia in cases filed in Saudi Arabia's courts. Second, even in such cases, service of process via electronic means is not done by the parties to the relevant claim, but is generated and sent through the Ministry of Justice's electronic systems and subject to strict conditions that the SMS Text and electronic accounts must be registered with the government.

20.     The 2017 Royal Order introduced services of process by electronic means to the Saudi judiciary system and authorized the relevant authorities, including the Supreme Judiciary Council, the Administrative Judiciary Council, the Ministry of Justice, and the Board of Grievances, to recommend and establish the guidelines for services of process by electronic means.

21.     Pursuant to the 2017 Royal Order, the Supreme Judiciary Council issued a circular in 2018 to all courts in Saudi Arabia outlining the standards and guidelines relating to service of process by electronic means (the "**2018 Circular**").[23] These standards and guidelines require that service through SMS Text must be made to a mobile phone registered with the competent authority and that service through other electronic accounts must be made through accounts registered with government electronic systems.[24] Any such service must include the name and national ID number

---

[22] Royal Order No. 14388 dated 25/03/1439H (14 December 2017).

[23] *See* Supreme Judiciary Council Resolution No. 10/20/T dated 04/05/1439H (21 January 2018G).

[24] *Id.*

of the person being served, and the case number and name of court where the claim is filed.[25]  The 2018 Circular also requires that electronic service of process can be generated and sent only through the Ministry of Justice's electronic systems.[26]  Private parties to the relevant claim are not permitted to initiate service by electronic means.  Mr. Alaoudh does not address the 2018 Circular in his declaration.

22.     On September 3, 2020, Royal Decree M/18 dated 15/01/1442H (3 September 2020G) (the "**2020 Royal Decree**") was issued, pursuant to the 2017 Royal Order, in order to amend certain provisions in the Civil Procedures Law to allow services of process by electronic means in domestic cases.  Specifically, the 2020 Royal Decree amends Articles 11, 12, 13, and 16 of the Civil Procedures Law, which are general provisions regarding service of process in cases filed in Saudi Arabia's courts.  The 2020 Royal Decree does not amend Article 20 of the Civil Procedures Law governing service on a resident of Saudi Arabia in a case filed outside of Saudi Arabia.  Thus, nothing in the 2020 Royal Decree allows for electronic service of process in such cases.

23.     The amendments made to the Civil Procedures Law pursuant to the 2020 Royal Decree also require that, in domestic cases, electronic service through SMS Text must be made on a "verified" phone number, which is linked or registered to the national e-government.  Service through other electronic means must also be made on an electronic device or number registered with the national e-government.[27]  In addition, the electronic service of process must include the

---

[25] *Id*.

[26] *Id*.

[27] *See* Royal Decree No. M/18 dated 15/01/1442H (3 September 2020G), Clause (First) Sub-Clause 3 (Amending Article 13 of the Civil Procedures Law).

name and national ID number of the person being served,[28] and the case number and name of court where the claim is filed.[29]  Furthermore, service of process, including via electronic means, must be conducted by the court or someone appointed by the court.  A claimant may serve the defendant directly only if a request to do so is made to, and approved by, the court.[30]  Mr. Alaoudh does not address the 2020 Royal Decree in his declaration.

24.      In sum, the December 2017 Royal Order, the 2018 Circular, and the 2020 Royal Decree do not allow for service by Aljabri through messaging applications such as WhatsApp or other social media in this case.  Instead, under established Saudi law, service of the Complaint and Summons in this action must be made through diplomatic channels and must be sent to the general court where the person in Saudi Arabia resides.

---

[28] *Id*.

[29] *Id*.

[30] *See* Royal Decree No. M/18 dated 15/01/1442H (3 September 2020G), Art. (First) ("Amending the Civil Procedures Law, issued by Royal Decree (M/1) dated 22/01/1435H, as follows:  (i) amending Article 11 by adding item (2) to read as follows  1. Processes shall be served by process servers at the order of the judge or the request of the litigant or court administration. Litigants or their agents shall follow up the proceedings and submit papers to process servers for service.  **Service may be carried out by the plaintiff if he so petitions**".  2. Electronic means may be utilized for judicial services, and it shall apply to them [electronic services of process] what applies to other means of service of process"…).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of December 2020 in Riyadh, Saudi Arabia.

Fahad Nasser Alarfaj