IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. SAAD ALJABRI,<br><br>    Plaintiff,<br><br>    v.<br><br>MOHAMMED BIN SALMAN BIN ABDULAZIZ AL SAUD, *et al*.<br><br>    Defendants. | Civil Action No. 1:20-cv-02146-TJK |

## MOTION FOR LEAVE TO FILE MOTION FOR ALTERNATIVE SERVICE AND AFFIDAVITS REQUESTING FOREIGN MAILING UNDER SEAL

Pursuant to Local Civil Rule 5.1(h) and Standing Order § 11.d, Dkt. 5, Plaintiff Dr. Saad Aljabri ("Dr. Saad") files this Motion requesting leave to file under seal Plaintiff's Motion for Alternative Service (the "Second Alternative Service Motion"), the Memorandum of Law in Support of the Second Alternative Service Motion, Appendix A to the Second Alternative Service Motion, the Proposed Sealed Order Granting Leave to Serve Certain Defendants by Alternative Means (collectively, the "Second Alternative Service Documents"), and three Affidavits Requesting Foreign Mailing (the "Second Affidavits") for Defendants Ahmed Abdullah Fahad Albawardi ("Defendant Albawardi"), Bader Mueedh Saif Alqahtani ("Defendant Bader Alqahtani"), and Bijad Alharbi ("Defendant Alharbi").[1]  *See* Exs. A-G.  For the same reasons provided in Plaintiff's August 21, 2020 Motion for Leave to File Affidavits Requesting Foreign Mailing Under Seal, Dkt. 9, and Plaintiff's September 11, 2020 Motion for Leave to File Motion

---

[1] Defendant Alharbi was named as a defendant in Plaintiff's original Complaint, Dkt. 1; Defendants Albawardi and Bader Alqahtani were named as John Doe defendants in Plaintiff's original Complaint, and after discovery of their identities, have been identified by name as defendants in Plaintiff's Amended Complaint, Dkt. 66.

for Alternative Service Under Seal, Dkt. 14, Plaintiff respectfully requests that this Court grant this temporary relief to allow him to serve the Second Alternative Service Defendants (as defined in the Second Alternative Service Motion), pursuant to (1) Rule 4(f)(2)(C)(ii) of the Federal Rules of Civil Procedure with respect to the Second Affidavits, and (2) Rule 4(f)(3) with respect to the alternative means proposed in the Second Alternative Service Motion.  Dr. Saad also requests an order directing that the filing of any further documents concerning service of the Second Alternative Service Defendants under Rule 4(f)(2)(C)(ii) or Rule 4(f)(3), including, but not limited to, a Certificate of Mailing filed by the Clerk ("Related Documents"), be temporarily under seal.

Temporarily sealing the Second Alternative Service Documents and Second Affidavits is essential to ensuring that the Second Alternative Service Defendants are not able to frustrate Plaintiff's ability to effectuate service via the Second Affidavits, and/or through the reliable and personalized means proposed in the Second Alternative Service Motion.

## BACKGROUND

In the interest of judicial economy, Dr. Saad incorporates by reference the factual background contained in his September 11, 2020 Memorandum of Law in Support of Plaintiff's Motion for Alternative Service ("First Alternative Service Motion"), Dkt. 14-2, and in his Memorandum of Law in Support of the Second Alternative Service Motion, Ex. B.  This Court granted Dr. Saad's First Alternative Service Motion on September 22, 2020. Dkt. 15.  Dr. Saad thereafter effected service on the Alternative Service Defendants (as defined in the First Alternative Service Motion).  Dkts. 35 & Exs. A-X, 36 & Exs. A-Y.

The defendants in this case attempted to extrajudicially kill Dr. Saad Aljabri.  As described in the Second Alternative Service Motion, the Second Alternative Service Defendants, who participated in this heinous act, include: (1) residents of Saudi Arabia who obtained Canadian

tourist visas and thereafter traveled to Canada in October 2018 in an attempt to extrajudicially kill Dr. Saad (Defendants Albawardi and Bader Alqahtani); and (2) a resident of Saudi Arabia who hunted Dr. Saad in the United States and Canada, and who is currently believed to be held in detention in Saudi Arabia (Defendant Alharbi).  Defendant Alharbi was named as a defendant in Plaintiff's original Complaint, Dkt. 1; Defendants Albawardi and Bader Alqahtani were named as John Doe defendants in Plaintiff's original Complaint, and after discovery of their identities, were first identified by name as defendants in Plaintiff's Amended Complaint, filed contemporaneously herewith.

Dr. Saad seeks to serve the Second Alternative Service Defendants in the following ways. Pursuant to Rule 4(f)(2)(C)(ii), Dr. Saad seeks to send the Second Alternative Service Defendants a copy of the Amended Complaint, Summons, and the Court's Standing Order by mail via DHL (and, if necessary, by registered mail) with signed receipt required.  Pursuant to Rule 4(f)(3), Dr. Saad seeks also to serve the Second Alternative Service Defendants via alternative means, as set forth in the Second Alternative Service Motion.  Specifically, Dr. Saad seeks to serve Defendants Albawardi and Bader Alqahtani by sending the Summons, Amended Complaint, and Standing Order directly to each defendant's personal mobile device through WhatsApp and Signal and, in addition, by mail to each of their places of employment.  Dr. Saad also seeks to serve Defendant Alharbi, who on information and belief is currently being held as a detainee by the Presidency of State Security of the Kingdom of Saudi Arabia, by mail to the Office of the Presidency of State Security.

## **ANALYSIS**

Temporary sealing of the Second Alternative Service Documents and Second Affidavits is necessary in this case to preserve Dr. Saad's ability to effect service of process under Rules

4(f)(2)(C)(ii) and 4(f)(3).  Temporary sealing is justified under the factors set forth in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980): "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *EEOC v. Nat'l Children's Ctr. Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *Hubbard*, 650 F.2d at 317–22).

Public access to the Second Alternative Service Documents and Second Affidavits, which have not previously been publicly accessible, will not be hindered because Dr. Saad seeks only temporary sealing until he is able to serve the Second Alternative Service Defendants.  *See Pub. Citizen Health Research Grp. v. Food & Drug Admin.*, 953 F. Supp. 400, 405 (D.D.C. 1996) (finding "the public's access to these proceedings is not hampered" by temporary sealing of information).  Moreover, there is no need for public access to procedural documents such as the Second Alternative Service Documents and Second Affidavits, which are not related to the merits of the litigation.  *See Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 153 n.2 (D.D.C. 2011).

As a party to this action, Dr. Saad's request to seal the Second Alternative Service Documents and Second Affidavits weighs in favor of sealing.  *Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 149 (D.D.C. 2010) ("Under the third Hubbard factor, the fact that a party moves to seal the record weighs in favor of the party's motion.").

Critically, sealing the Second Alternative Service Documents and Second Affidavits is necessary to prevent the Second Alternative Service Defendants from thwarting Dr. Saad's attempts to effectuate service via DHL and through the direct and specific means proposed in the Second Alternative Service Motion.  *See Louis Vuitton Malletier S.A.S. v. Forever Trading Corp.*,

No. 1:18-cv-02810-TJK (D.D.C. Dec, 17, 2018), ECF No. 13 (granting motion to temporarily seal documents to prevent defendants from "undermining Plaintiff's efforts at stopping trafficking of counterfeit . . . goods"); *Hamen v. Islamic Republic of Iran*, 318 F. Supp. 3d 194, 198 (D.D.C. 2018) (allowing witness to testify under seal when denying motion to seal would have resulted in witness not testifying at all).  In a case that has garnered international media attention, the Second Alternative Service Defendants are likely to learn about any documents filed on the public docket.  The Second Alternative Service Defendants will easily be able to frustrate service under Rule 4(f)(2)(C)(ii) by refusing to engage with DHL, or under Rule 4(f)(3) by making themselves unavailable to receive the documents in the manners described in the Second Alternative Service Motion.  Such actions would interfere with the function of the Court and Dr. Saad's ability to vindicate his rights in this litigation.  Sealing the Second Alternative Service Documents and Second Affidavits is the only way to prevent such harm to Dr. Saad.

As to the final *Hubbard* factor, disclosure is "less of a pressing concern," because the Second Alternative Service Documents and Second Affidavits are procedural documents that are not relevant to the central claims of the litigation.  *See Gilliard v. McWilliams*, No. CV 16-2007 (RC), 2019 WL 3304707, at *2 (D.D.C. July 23, 2019).

In sum, the six *Hubbard* factors weigh in favor of temporarily sealing the Second Alternative Service Documents and Second Affidavits until Dr. Saad effectuates service under Rules 4(f)(2)(C)(ii) and/or 4(f)(3).

\* \* \*

In addition, redactions of the Second Alternative Service Documents and Second Affidavits are impracticable and will not accomplish the objective of sealing in this case—namely, to protect the integrity of Dr. Saad's attempt to serve process under Rules 4(f)(2)(C)(ii) and 4(f)(3).

5

Indeed, the Second Alternative Service Defendants' mere knowledge of the Second Alternative Service Documents and Second Affidavits would risk them frustrating Dr. Saad's attempts to effectuate service.

## CONCLUSION

For the foregoing reasons, Dr. Saad requests leave to file the Second Alternative Service Documents and Second Affidavits under seal, and further requests an order directing that any Related Documents be filed under seal. Once he has successfully effectuated service on the Second Alternative Service Defendants under Rule 4(f)(2)(C)(ii) and/or Rule 4(f)(3), Dr. Saad will move to unseal these documents.

Dated: February 4, 2021

Respectfully submitted,

JENNER & BLOCK LLP

 /s/ David Pressman

David Pressman
D.C. Bar No. 1013431
Jenner & Block LLP
919 Third Avenue
New York, NY 10022
Telephone:  (212) 891-1654
Fax: (212) 891-1699
dpressman@jenner.com

Lindsay Harrison
D.C. Bar No. 977407
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Telephone:  (202) 639-6865
Fax:  (202) 639-6066
lharrison@jenner.com

*Counsel for Plaintiff*