UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAAD ALJABRI,

    *Plaintiff*,

v.

MOHAMMED BIN SALMAN BIN
ABDULAZIZ AL SAUD *et al.*,

    *Defendants*.

Civil Action No. 20-2146 (TJK)

## ORDER

Now before the Court is Plaintiff's Motion for Alternative Service, ECF No. 67-1. Federal Rule of Civil Procedure 4(f)(3) allows service upon foreign individuals "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). And to meet constitutional notions of due process, any service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1240 (Fed. Cir. 2010) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

After a review of the relevant case law, the Court finds, as it did with the same combination of methods of service proposed in Plaintiff's prior motion, that the combination of methods through which Plaintiff proposes to serve Defendants Ahmed Abdullah Fahad Albawardi and Bader Mueedh Saif Alqahtani meets this minimum standard and is otherwise appropriate here under Rule 4(f)(3). Thus, it will permit the alternative service proposed as to them.

On the other hand, the Court cannot say the same about the method of alternative service proposed for Defendant Bijad Alharbi.  Plaintiff represents that he is "currently being held as a detainee by the Presidency of State Security, the Kingdom of Saudi Arabia's internal security agency, which operates facilities designed to hold those accused of 'crimes' against the state."  ECF No. 67-2 at 3.  He proposes to serve Alharbi by mail directed to the Office of the Presidency of State Security.  *Id.*  The Court declines to authorize such a method of service under Rule 4(f)(3) because it provides little assurance that Alharbi will receive actual notice and does not appear to be authorized by law in the Kingdom of Saudi Arabia.

The two cases cited by Plaintiff do not persuade the Court otherwise.  In the first, a process server delivered documents to a detention center in Dubai, United Arab Emirates, where the defendant was being held, received assurances that the defendant would receive the documents, and the next day confirmed that the defendant had received them.  *Sec. & Exchange Comm'n v. Nevatia*, No. 14-cv-5273 (JCS), 2015 WL 6912006, at *4 (N.D. Cal. Oct. 19, 2015).  That method of service was apparently authorized by law in that country.  *Id.*  Thus, the court held that service was adequate under Rule 4(f)(2)(A).  *Id.*  The situation here is different.  The Saudi authority Plaintiff cites authorizes service for prisoners to the "warden of the prison or detention center"—a far cry from the Office of the Presidency of State Security, which apparently sits atop the entire Saudi state security bureaucracy.[1]  And in any event, in that case, as noted, the court held that service was authorized under Rule 4(f)(2)(A)—not Rule 4(f)(3).

The second case is even further afield.  There, the court ruled that service on a defendant incarcerated in Mexico had been proper by mail requiring a signed receipt under Rule

---

[1] Bureau of Experts at the Council of Ministers Official Translation Dep't, *Law of Civil Procedures*, Art. 17(h) (2016), https://www.moj.gov.sa/Documents/Regulations/pdf/En/50.pdf.

4(f)(2)(C)(ii) (even though he had refused to sign the receipt), but as a precaution authorized alternative service to the defendant's attorney under Rule 4(f)(3).  *Martinez v. White*, 2006 WL 2792874, at *1–2 (N.D. Cal. Sept. 28, 2006).  Plaintiff proposes nothing similar here under Rule 4(f)(3).

For all these reasons, it is hereby **ORDERED** that Plaintiff's Motion for Alternative Service, ECF No. 67-1, is **GRANTED** in part and **DENIED** in part.  The motion is **GRANTED** as to Defendants Ahmed Abdullah Fahad Albawardi and Bader Mueedh Saif Alqahtani.  Accordingly, Plaintiff may serve Albawardi and Alqahtani as described in Appendix A to this Order.  The motion is **DENIED** as to Defendant Bijad Alharbi.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: February 12, 2021

3

## APPENDIX A

| Defendant | Methods of Alternative Service |
|---|---|
| Ahmed Abdullah Fahad Albawardi | (1) By WhatsApp message to Defendant Albawardi's personal WhatsApp account.<br><br>(2) By Signal message to Defendant Albawardi's personal Signal account.<br><br>(3) By mail to his employer's address located at:<br>National Information Center<br>Makkah Al-Mukarramah Branch Road<br>Sulaymaniyah 11452, Riyadh Saudi Arabia |
| Bader Mueedh Saif Alqahtani | (1) By WhatsApp message to Defendant Bader Alqahtani's personal WhatsApp account.<br><br>(2) By Signal message to Defendant Bader Alqahtani's personal Signal account.<br><br>(3) By mail to his employer's address located at:<br>National Information Center<br>Makkah Al-Mukarramah Branch Road<br>Sulaymaniyah 11452, Riyadh Saudi Arabia |