IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. SAAD ALJABRI,<br><br>        Plaintiff,<br><br>        v.<br><br>MOHAMMED   BIN   SALMAN   BIN ABDULAZIZ AL SAUD, *et al*.<br><br>        Defendants. | Civil Action No. 1:20-cv-02146-TJK |

**MOTION FOR LEAVE TO DESIGNATE UNREDACTED
DOCUMENTS AS HIGHLY SENSITIVE DOCUMENTS**

As requested by the Court in the July 8, 2021 Sealed Order, Dkt. 106, Dr. Saad submits

this motion for leave to designate as Highly Sensitive Documents ("HSDs") the unredacted

versions of the June 11, 2021 motion to seal (the "June 11 Motion to Seal"), the unredacted version

of the declaration by Expert Doe in support of the June 11 Motion to Seal (the "Expert Doe

Declaration"),[1] as well as the unredacted version of Expert Doe's expert report (the "Expert

Report") on the Omar and Sarah Aljabri Public Prosecution Office Documents (the "PPO

Documents") (collectively, the "Proposed HSDs"), which were filed on June 11, 2021 pursuant to

Standing Order No. 21-3, *In re: Procedures for the Filing, Service, and Management of Highly

Sensitive Documents* ¶ 3(a).  Dr. Saad is requesting this relief in order to protect the life and safety

of Expert Doe and individuals associated with Expert Doe.[2]

---

[1] The name and all identifying information of Expert Doe are sealed and designated as attorneys'
eyes only.  Sealed Order, Dkt. 106.

[2] Plaintiff's counsel has conferred with counsel for Defendants.  *See* D.C. District Court Local
Rule 7(m); Standing Order ¶ 11(a), ECF No. 5.  No defendant opposes the relief sought in this
motion.  Counsel for Defendants bin Salman, Saud Alqahtani, Alassiri, Alsayed, Algasem,
Alsaleh, Alhaqbani, Alhomid, Albawardi, and Bader Alqahtani do not oppose this motion, but

**BACKGROUND**

On February 4, 2021, Dr. Saad filed an Amended Complaint, describing in detail an effort led by Mohammed bin Salman bin Abdulaziz al Saud ("Defendant bin Salman") to reach into the United States and across international borders in order to kill Dr. Saad.  As described in the Amended Complaint, Defendant bin Salman, acting through Defendants Bader Alasaker and MiSK Foundation, recruited and deployed a network of agents in the United States to intensively hunt down Dr. Saad so that he could be killed.  Am. Compl. ¶¶ 225-46, Dkt. 66.  In order to lure and trap Dr. Saad, Defendant bin Salman also targeted Dr. Saad's family and associates in Saudi Arabia, including disappearing and holding hostage his two children Omar and Sarah Aljabri (who have been prohibited from leaving Saudi Arabia since they were 18- and 17-years old, respectively).  *Id.* ¶¶ 181-217.  In September 2020, approximately one month after this lawsuit was filed, Defendant bin Salman orchestrated pretextual criminal proceedings against Omar and Sarah to justify their ongoing (and previously extrajudicial) detentions.  *Id.* ¶ 190.

Defendant bin Salman filed a Motion to Dismiss on April 4, 2021.  Dkt. 92.  Attached to the Motion to Dismiss are two Arabic language documents from the Public Prosecution Office of Saudi Arabia, dated April 1, 2021, along with English translations of the documents, also dated April 1, 2021, which purport to document judicial proceedings involving Omar and Sarah.  Dkt. 92-13, Ex. L.

With his opposition to Defendants' motions to dismiss, Dr. Saad filed an expert report from Expert Doe, which opined on the PPO Documents filed by Defendant bin Salman.  *Id.*  Expert Doe opined that the PPO Documents are not publicly available, are not court records, and are unusual

---

reserve all rights, including the right to seek unsealing of these documents.  Counsel for Defendants MiSK Foundation, Alasaker, Alrajhi, Alhamed, Abuljadayel, and Hamed take no position on the motion.

because they purport to describe the outcome of proceedings held under a different ministry (the Ministry of Justice).  Expert Doe also opined that, given the control Defendant bin Salman has over the Public Prosecution Office, and the unusual speed with which the PPO Documents were produced, the PPO Documents were likely created for the purposes of this litigation.  Expert Doe's qualifications, including Expert Doe's familiarity with the types of documents issued by the Ministry of Justice and the Public Prosecution Office in Saudi Arabia, are described in more detail in the June 11 Motion to Seal and the Expert Report filed pursuant to the HSD procedures.  *See* Standing Order No. 21-3, *In re: Procedures for the Filing, Service, and Management of Highly Sensitive Documents* ¶ 3(a).

Dr. Saad has proffered Expert Doe's testimony, even though doing so necessitates designating the unredacted version of his or her report as a HSD, available only on an attorneys'-eyes-only basis, because very few experts available to Dr. Saad have Expert Doe's level of knowledge about documents produced by the Public Prosecution Office and Ministry of Justice. That is so, in large part, because the risk of retaliation from Defendant bin Salman deters many such experts from testifying.

## ANALYSIS

Under Standing Order No. 21-3, *In re: Procedures for the Filing, Service, and Management of Highly Sensitive Documents* ¶ 1, no HSDs are to be filed on the Court's CM/ECF system, and are instead to be filed according to the procedures outlined in Standing Order No. 21-3.  HSDs are defined as documents that "require a heightened level of protection not provided by sealing on the

CM/ECF system" because, among other reasons, they "could reasonably be expected to . . . cause exceptionally grave damage or injury to any person." *Id.* ¶ 2(a).[3]

This standard is met here. As outlined in the Expert Doe Declaration, disclosure of Expert Doe's identifying information would put the life and safety of Expert Doe, as well as individuals associated with Expert Doe, at grave risk. *See* Expert Doe Decl. ¶¶ 1-7. If Expert Doe's identifying information is disclosed to Defendants, the damage would be irreversible: Once Expert Doe's identity is disclosed (even temporarily or accidentally), that identity will become publicly known—and Expert Doe and individuals associated with Expert Doe would be put in immediate and mortal danger. It is precisely this kind of information—where even inadvertent disclosure or improper access would "cause exceptionally grave damage or injury to any person," Standing Order No. 21-3 ¶ 2(a)—that the HSD procedures were enacted to protect. Sealing the documents on CM/ECF is not sufficient to eliminate this risk of exceptionally grave harm.

In the July 8, 2021 Sealed Order (Dkt. 106) the Court asked the parties to opine on whether the Sealed Order should be unsealed. Plaintiff consents to having the Sealed Order filed on the public docket because the Sealed Order contains no information that, under the *Hubbard* factors, warrants remaining under seal. *See United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). Counsel for Defendant bin Salman also consents to unsealing the July 8, 2021 Sealed Order; counsel for Defendants MiSK and Alasaker take no position on unsealing the July 8, 2021 Sealed Order; and counsel for Defendants Saud Alqahtani, Alassiri, Alsayed, Algasem, Alsaleh, Alhaqbani, Alhomid, Albawardi, Bader Alqahtani, Alrajhi, Alhamed, Abuljadayel, and Hamed

---

[3] As explained in the June 11 Motion to Seal, sealing the Proposed HSDs and designating them as attorneys' eyes only is warranted under the factors set forth in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). On July 8, 2021, this Court granted the part of Plaintiff's motion to designate the Proposed HSDs as attorneys' eyes only but directed briefing on whether the Proposed HSDs are properly designated as HSDs. Sealed Order, Dkt. 106. This motion addresses that issue.

have not informed counsel for Dr. Saad about their position on unsealing the July 8, 2021 Sealed

Order.

For these reasons, Dr. Saad respectfully requests that this Court designate the Proposed

HSDs as HSDs, allow the unredacted versions of the documents designated as HSDs to remain

filed outside of the CM/ECF system and under seal, and authorize the filing of redacted versions

of Exhibits C and D to the June 11, 2021 Motion to Seal and the July 8, 2021 Sealed Order (Dkt.

106) on the public docket.


Dated: July 14, 2021                                    Respectfully submitted,

                                                        JENNER & BLOCK LLP

                                                         /s/ David Pressman

                                                        David Pressman
                                                        D.C. Bar No. 1013431
                                                        Jason P. Hipp
                                                        DDC No. NY0397
                                                        Jenner & Block LLP
                                                        919 Third Avenue
                                                        New York, NY 10022
                                                        Telephone:  (212) 891-1654
                                                        Fax: (212) 891-1699
                                                        dpressman@jenner.com
                                                        jhipp@jenner.com

                                                        Lindsay Harrison
                                                        D.C. Bar No. 977407
                                                        Zachary C. Schauf
                                                        D.C. Bar No. 1021638
                                                        Jenner & Block LLP
                                                        1099 New York Avenue, NW
                                                        Suite 900
                                                        Washington, DC 20001-4412
                                                        Telephone:  (202) 639-6865
                                                        Fax:  (202) 639-6066
                                                        lharrison@jenner.com
                                                        zschauf@jenner.com
                                                        *Counsel for Plaintiff*