IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAAD ALJABRI,<br>    *Plaintiff*,<br>v.<br><br>MOHAMMED BIN SALMAN BIN ABDULAZIZ AL SAUD, *et al.*,<br>    *Defendants*. | Civil Action No. 20-2146 (TJK) |

**DEFENDANT MOHAMMED BIN SALMAN BIN ABDULAZIZ AL SAUD'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

His Royal Highness Mohammed bin Salman bin Abdulaziz Al Saud (the "Crown Prince") files this response to Plaintiff Saad Aljabri's Notice of Supplemental Authority. None of the decisions cited by Aljabri supports his arguments against the Crown Prince's Motion To Dismiss the Amended Complaint.

**A.** *Broidy Capital Management LLC v. Muzin* **(D.C. Cir.)**

In *Broidy Capital Management LLC v. Muzin*, 12 F.4th 789 (D.C. Cir. Sept. 3, 2021), the court rejected an assertion of conduct-based immunity by citizens and residents of the United States claiming to have been "private agents" of Qatar. *Id.* at 798, 800. *Broidy* does not address the different question whether a high-ranking foreign official, such as the Crown Prince, is entitled to conduct-based immunity from claims arising out of his official government actions.

Aljabri points to language in *Broidy* stating that "the close connections of the parties and the claims to the United States counts against immunity." *Id.* at 801; *see id.* (noting that "[t]he defendants here are (1) U.S. residents (and, indeed, citizens) (2) sued by U.S. plaintiffs (3) under U.S. law (4) for conduct that allegedly took place in the United States"). As *Broidy* explains,

however, those cases involved claims of immunity by individuals who are not current foreign officials. *See id.* (citing Statement of Interest ¶ 9, *Yousuf v. Samantar*, No. 12-2178, ECF No. 18, at J.A. 93 (4th Cir. Dec. 20, 2012); Statement of Interest ¶ 9, *Ahmed v. Magan*, No. 2:10-cv-342, ECF No. 45, at 7 (S.D. Ohio Mar. 15, 2011)). They shed no light on the Crown Prince's claim to immunity.[*]

Aljabri's other two arguments on *Broidy*, regarding the relevance of a state's failure to request immunity and the doctrine of derivative foreign immunity, do not relate to Aljabri's claims against the Crown Prince. Saudi Arabia has requested immunity for the Crown Prince, and the Crown Prince's immunity is not derivative.

**B.**   ***Jane W. v. Thomas* (E.D. Pa.)**

The court in *Jane W. v. Thomas*, 2021 WL 4206665 (E.D. Pa. Sept. 15, 2021), offered no legal reasoning in support of construing the Torture Victim Protection Act of 1991 ("TVPA") to impose liability for attempted killings, beyond stating that "[c]ourts have interpreted the TVPA to allow" such liability. *Id.* at *16. As the Crown Prince has explained, the cases cited in *Thomas* are unpersuasive because it is clear from the TVPA's text, structure, history, and purpose that liability for "extrajudicial killing" extends only to completed killings. *See* Crown Prince Br. 51-53; Crown Prince Reply Br. 28-33. Moreover, even courts that have construed the term "extrajudicial killing" to include some attempted killings have not extended liability to circumstances "in which no one suffered physical injuries and no one was even placed in imminent apprehension of physical harm." *Force v. Islamic Republic of Iran*, 464 F. Supp. 3d

---

[*] If anything, those considerations weigh in favor of the Crown Prince's assertion of immunity. Neither Aljabri nor the Crown Prince is a U.S. resident or citizen; Aljabri sued the Crown Prince for an alleged attempted extrajudicial killing in Canada that he alleges the Crown Prince directed from Saudi Arabia; and Aljabri's claims include an alleged violation of customary international law.

323, 363 (D.D.C. 2020); *see also* Crown Prince Br. 53-54.  *Thomas*, which involved a massacre in which hundreds were killed (but some of the plaintiffs survived), 2021 WL 4206665, at *5, is consistent with the limitations recognized by *Force*.  *Thomas* therefore does not support extending the TVPA to apply to the operation alleged by Aljabri, in which no one was harmed or put in the immediate apprehension of physical harm.

**C.**     ***Sakab Saudi Holding Co. v. Aljabri* (D. Mass.)**

The Crown Prince agrees with Aljabri's concession (at 4) that *Sakab Saudi Holding Co. v. Aljabri*, No. 1:21-cv-10529-NMG (D. Mass.), does not support Aljabri's legal claims in this action.  In his Motion To Dismiss Opposition, Aljabri affirmatively relied on the United States' intervention in *Sakab* to support his novel argument that the United States had such a strong interest in his claims against the Crown Prince that an alleged attack on Aljabri was analogous, for jurisdictional purposes, to an attack on a U.S. embassy.  *See* Opp. 19, 53-54, 118 n.124.  The United States subsequently clarified that the "impetus" for its intervention in *Sakab* was simply to prevent Aljabri from disclosing state secrets in his court filings, which Aljabri was threatening to do.  *Sakab*, ECF No. 57, at 8.  As the Crown Prince has described, Aljabri's alleged past involvement with U.S. intelligence efforts does not support jurisdiction in the United States.  *See* Crown Prince Br. 20-21; Crown Prince Reply Br. 3-7.  His threat in *Sakab* to disclose U.S. state secrets that he learned in his prior position as a Saudi intelligence officer does not improve that argument.

Dated: November 4, 2021                    Respectfully submitted,

/s/ Michael K. Kellogg

Michael K. Kellogg (DC 372049)
Gregory G. Rapawy (DC 493973)
Andrew C. Shen (DC 500071)
**KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900

*Attorneys for Defendant
Mohammed bin Salman bin Abdulaziz Al Saud*

**CERTIFICATE OF SERVICE**

I certify that on November 4, 2021, I electronically filed the foregoing DEFENDANT MOHAMMED BIN SALMAN BIN ABDULAZIZ AL SAUD'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY, using the ECF system, which sent notice of filing in this matter to all counsel of record.

/s/ *Michael K. Kellogg*
Michael K. Kellogg
*Attorney for Defendant*
*Mohammed bin Salman bin Abdulaziz Al Saud*