IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAAD ALJABRI | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Case No. 1:20-cv-02146-TJK |
| | § |
| MOHAMMED BIN SALMAN BIN ABDULAZIZ AL SAUD, et al. | § |
| | § |
| Defendants. | § |

**DEFENDANT BADER ALASAKER'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Bader Alasaker submits this response to Plaintiff Saad Aljabri's Notice of Supplemental Authority. Mr. Alasaker adopts and incorporates by reference the response of the Crown Prince regarding *Broidy Capital Management LLC v. Muzin*, 12 F.4th 789 (D.C. Cir. 2021), *Jane W. v. Thomas*, 2021 WL 4206665 (E.D. Pa. Sept. 15, 2021), and *Sakab Saudi Holding Co. v. Aljabri*, No. 1:21-cv-10529-NMG (D. Mass.).

In addition, *Broidy* is not dispositive of the immunity inquiry for Mr. Alasaker, who is a current foreign official of Saudi Arabia residing in Saudi Arabia. *See* Alasaker Mot'n to Dismiss at 24. The D.C. Circuit emphasized that a court, in the absence of a suggestion of immunity, "is left at the second step 'to decide for itself whether all the requisites for immunity exist[].'" *Broidy*, 12 F.4th at 798 (quoting *Samantar v. Yousuf*, 560 U.S. 305, 311 (2010)). *Broidy* denied immunity at that second step for U.S. residents sued by U.S. plaintiffs for conduct allegedly occurring in the United States. *Id.* at 801. It did not involve, and the D.C. Circuit did not weigh in on, immunity for a current foreign government official in a foreign country. Nor did it address circumstances where the defendant lacked the connections to the United States that the D.C. Circuit found significant in *Broidy*. And while Plaintiff contends that "a state's failure to request

immunity . . . 'weighs heavily against immunity,'" ECF 115 at 2 (quoting *Broidy*, 12 F.4th at 800), the D.C. Circuit held only that "State Department practice suggests that the State of Qatar's apparent silence *on this case* weighs heavily against immunity," *Broidy*, 12 F.4th at 800 (emphasis added). In addition, the Kingdom of Saudi Arabia has requested a Suggestion of Immunity for the Crown Prince. *Cf. id.* (concluding that it was "notable that Qatar, on whose behalf the defendants purportedly acted, has not indicated any interest in this case, whether by requesting a formal suggestion of immunity or otherwise").

Finally, as Plaintiff acknowledges, *Broidy* does not preclude the application of derivative foreign immunity. *Broidy* explained that derivative immunity might be appropriate where a party "acts pursuant to specific directions from the government." *Id.* at 803. Here, Mr. Alasaker explained that Plaintiff has alleged "that Mr. Alasaker was passing along orders from the Crown Prince" and that Plaintiff's allegations concern official action. *See* Alasaker Mot'n to Dismiss at 24–28 & n.15 (citing Am. Compl. ¶ 15).

                                                            Respectfully submitted,

                                        */s/ William W. Taylor, III*
                                       By: William W. Taylor, III (D.C. Bar No. 84194)
                                       Margarita K. O'Donnell (D.C. Bar No. 1005972)
                                       ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
E-mail: wtaylor@zuckerman.com
E-mail: modonnell@zuckerman.com
*Attorneys for Defendant Bader Alasaker*

## CERTIFICATE OF SERVICE

I certify that on November 8, 2021, I electronically filed the foregoing Defendant Bader Alasaker's Response to Plaintiff's Notice of Supplemental Authority, using the ECF system, which sent notice of filing in this matter to all counsel of record.

<u>/s/ William W. Taylor, III</u>

William W. Taylor, III
*Attorney for Defendant Bader Alasaker*