IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. SAAD ALJABRI,<br><br>   Plaintiff,<br><br>   v.<br><br>MOHAMMED BIN SALMAN BIN ABDULAZIZ AL SAUD, *et al*.<br><br>   Defendants. | Civil Action No. 1:20-cv-02146-TJK |

## **DECLARATION OF JASON P. HIPP**

I, Jason P. Hipp, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.    I respectfully submit this Declaration in support of Plaintiff's Motion for Leave to Serve Two Third-Party Subpoenas In Order To Prevent Destruction Of Evidence.

2.    I am an associate in the law firm of Jenner & Block LLP in New York, New York, which represents Dr. Saad Aljabri ("Dr. Saad") in this litigation. I am admitted to practice before this Court. The following facts are based on my personal knowledge or information provided to me.

3.    Attached as Exhibit A is a true and correct copy of the Legal Hold Notice transmitted via email to Lufthansa German Airlines a/k/a Deutsche Lufthansa Aktiengesellschaft ("Lufthansa").

4.    Subsequent to service of the Legal Hold Notice, I communicated with a representative of Lufthansa. The representative stated that pursuant to their deletion protocol, certain company records are retained only until the end of the third calendar year after the creation of the record. Those records, Lufthansa said, include the names of the passengers, information

about the tickets that those passengers purchased, and general flight information, including the origins and destinations of the flights. Thus, Lufthansa stated that, for the category of documents subject to a three-year policy, records created at any point in 2018—including those related to flights that took place in October 2018—would be retained no later than December 31, 2021.

5. Lufthansa was unable to clarify exactly which records sought by Dr. Saad would be subject to the three-year policy and which records might be maintained in the normal course for other durations of time. For example, Lufthansa later stated that crew lists and passenger manifests are kept for a period shorter than three years, while certain "relevant business documents" would be retained for a period of ten years if they were subject to a specific German tax law. Lufthansa at one point stated that data relating to "flight information," "security," and "passenger lists" were deleted on "a very regular basis." The representative could not identify when the specific information sought in the Legal Hold Notice would be deleted pursuant to their deletion protocol, explaining that "there is not only one [deletion] rule and not only one data processing system."

6. Lufthansa would not agree to preserve or produce any information or documents absent a court order. Lufthansa's representative also explicitly stated that Lufthansa needed a court order to halt its deletion protocol.

7. Attached as Exhibit B is a true and correct copy of the Legal Hold Notice transmitted via email to Air Canada.

8. Subsequent to service of the Legal Hold Notice, I communicated with a representative of Air Canada. Air Canada represented that records pertaining to the October 15, 2018 flight AC839 are in Air Canada's possession "right now," but it could not provide a date certain when such records would be deleted pursuant to automated document maintenance and deletion policies. Air Canada initially advised that "reservation data is kept for at least 5 years,"

but later said that information is not kept for five years. Instead, Air Canada advised that certain information "sheds after a certain time," that records from 2018 were stored in an archaic database which is a "monolithic mass," and as a result the company could not determine when the relevant records would be deleted in the ordinary course. Air Canada's representative said "I don't know" in response to when exactly the 2018 information we were requesting would be deleted, and could not confirm that the information would remain available after January 2022.

9. Air Canada advised me that it would neither preserve nor produce the relevant documents without a court order. Air Canada expressly stated that "unless we have to do the search at this time . . . , the reservation records will be time lapsed with all of the other million records for that year."

10. Attached as Exhibit C is the subpoena that Dr. Saad seeks leave to serve on Lufthansa.

11. Attached as Exhibit D is the subpoena that Dr. Saad seeks leave to serve on Air Canada.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 3rd day of December 2021.    _____

Jason P. Hipp