# EXHIBIT D

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| Dr. SAAD ALJABRI <br> *Plaintiff* <br> v. <br> MOHAMMED BIN SALMAN BIN ABDULAZIZ AL SAUD, ET AL., <br> *Defendant* | Civil Action No. 1:20-cv-02146(TJK) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Air Canada c/o C T Corporation System
1025 Vermont Ave NW, Washington, DC 20005-3516

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: 1099 New York Avenue, NW, Suite 900 Washington, DC 20001-4412 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Dr. Saad Aljabri , who issues or requests this subpoena, are:

David Pressman; 919 Third Ave., New York, NY 10022-3908; dpressman@jenner.com; (212) 891-1654

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:20-cv-02146(TJK)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

[Print]  [Save As...]  [Add Attachment]  [Reset]

Case 1:20-cv-02146-TJK   Document 121-6   Filed 12/03/21   Page 4 of 9

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Schedule A

Pursuant to the accompanying Subpoena to Produce Documents (the "Subpoena"), Rules 34 and 45 of the Federal Rules of Civil Procedure, and the Court's order in the above-captioned matter, dated XX, and attached as Exhibit A, Plaintiff Dr. Saad Aljabri ("Dr. Saad") hereby requests that Air Canada produce Documents responsive to the Requests for Documents listed below at the date and location specified in the Subpoena.

### **DEFINITIONS AND INSTRUCTIONS**

As used in this document, the following words and phrases shall have the meanings indicated:

1. The terms "Air Canada," "You," or "Your" means Air Canada, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, and/or successors.

2. "Document" or "Documents" shall be interpreted in its broadest sense to mean, without limitation, all documents, e-mails, letters, memos, webpages, objects, or other electronic or tangible things discoverable under Federal Rule of Civil Procedure 34, including the original, all identical copies, and all non-conforming or non-identical drafts and copies thereof, whether different from the original by reason of any annotation made on such copies or otherwise. For the avoidance of doubt, this term shall include all passenger lists, reservation information, carriage, checked baggage, form of payment for carriage, form of identification for passengers, manifests (including Passenger Name Record (PNR), Advance Passenger Information (API), Electronic Advance Passenger Information System (eAPIS), and Interactive Advance Passenger Information (IAPI) data or equivalents), and any record of interaction with law enforcement or other security, intelligence, or government agencies or officials.

3. "Communication" shall mean every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer, or exchange of information, whether

orally or by Document or whether face to face, by telephone, mail, personal delivery, email, or otherwise.

4. "Including" means including but not limited to the referenced subject.

5. "And" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these Requests any information that might be deemed outside their scope by any other construction.

6. "All" and "any" mean both each and every.

7. "Relating to," "related to," and "referring to," shall mean, without limitation, in any way constituting, mentioning, referring to, referencing, describing, summarizing, evidencing, listing, indicating, relevant to, demonstrating, regarding, tending to prove or disprove, containing, reflecting, concerning, pertaining to, analyzing, explaining, or in any way logically or factually connected with the matter discussed.

8. "Person" means any individual, firm, company, corporation, government, state or agency of a state or any association, trust, joint venture, consortium or partnership (whether or not having separate legal personality).

9. The "Tiger Squad Individuals" shall mean Bader Alasaker (بدر العساكر), Saud Alqahtani (سعود القحطاني), Ahmed Alassiri (أحمد العسيري), Khalid Ibrahim Abdulaziz Algasem (خالد بندر سعيد), Bandar Saeed Alhaqbani (بندر سعيد), Mishal Fahad Alsayed (مشعل فهد السيد), Ibrahim Hamad Abdulrahman Alhomid (إبراهيم عبد العزيز القاسم الحقباني), Saud Abdulaziz (إبراهيم حمد عبد الرحمن الحميد), Bader Alsaleh (أحمد عبد ا فهد البواردي), Ahmed Abdullah Fahad Albawardi (سعود عبد العزيز الصالح), and Abdulaziz Alabdulkareem (عبدالعزيز العبدالكريم), Mueedh Saif Alqahtani (بدر معيض سيف القحطاني).

10. For any Request concerning the Tiger Squad Individuals, the Request shall apply equally to the Tiger Squad Individuals' Arabic names and English translations of those names, as

well as common alternate English spellings.  Specifically, the Requests shall apply to the following transliterations:  Bader Alasaker ((Badir, Baader, Bedar, Beder, Bedir, or Badar) and (Al Asaker, Al-Asaker, Al-Asakir, Al-Asaker, Al-Aseker, AL Asekir, El-Asaker, or El Asakir)); Saud Alqahtani ((El-Saud, El Saud, El-Saood, Al Saud, El Saud, Al-Soud, Al-Saoud, Issaud, Essaud, Assaood, Il-Saud, or Il-Saood) and (Al Qahtani, Al-Qahtani, Al Kahtani, El-Qahtani, El Qahthani, Al 'Ahtani, Il-Qahtani, or Il Qahtani)); Ahmed Alassiri ((Ahmad) and (Al Assiri, Al-Assiri, Al Assiri, El-Assiri, El Assiri, Al-Asiri, Al Asiri, El-Asiri, El Asiri, Al-Aseeri, El-Aseeri, Al Aseeri, or El Aseeri)); Khalid Ibrahim Abdulaziz Algasem ((Khaled, Kaled, or Kalid) and (Ibrahem or Ebrahem) and (Abdul Aziz, Abdel Aziz, Abd El-Aziz, Abdelaziz, Abd Al-Aziz,  Abd Il-Aziz, Abd El Aziz, or Abd Al Aziz) and (Al Gasem, Al-Gasem, Al Gasim, El-Gasim, El Gasim, Al-Gasem, Al Gasem, El-Gasem, El Gasem, Al Qasim, Al-Qasim, or El-Qasim)); Mishal Fahad Alsayed ((Meshal or Mishel) and (Fahd or Fuhad) and (Al Sayed, Al-Sayed, Al-Sayad, El-Sayed, El Sayyid, Al-Sayyid, Al-Sayed, or El-Sayed)); Bandar Saeed Alhaqbani ((Bendar, Bender, Bendar, Bendir, or Bander) and (Saiid, Said, or Saed) and (Al Haqbani, Al-Haqbani, El Haqbani, El-Haqbani, Al-Hakbani, El Hakbani, Al-Hagbani, or El-Hagbani)); Ibrahim Hamad Abdulrahman Alhomid ((Ibrahem or Ebrahem) and (Hamaad, Homad, Homaad, Himad, or Himaad) and (Abdelrahman, Abdul Rahman, Abd El-Rahman, Abd Il-Rahman) and (El-Homid, El-Homiid, El-Homeed, Al-Homeed, El-Hamid, Al-Hamid, Al-Hameed, El-Hameed)); Saud Abdulaziz Alsaleh ((El-Saud, El Saud, El-Saood, Al Saud, El Saud, Al-Soud, Al-Saoud, Issaud, Essaud, Assaood, Il-Saud, or Il-Saood) and (Abdul Aziz, Abdel Aziz, Abd El-Aziz, Abdelaziz, Abd Al-Aziz,  Abd Il-Aziz, Abd El Aziz, or Abd Al Aziz) and (Al Saleh, Al-Saleh, El-Saleh, or Al Saleh)); Ahmed Abdullah Fahad Albawardi ((Ahmad) and (Abd Allah, Abdallah, Abdillah, or Abdellah) and (Fahd or Fuhad) and (Al Bawardi, Al-Bawardi, El-Bawardi, Al Bewardi, El Bewardi, Al-Bowardi, or El-Bowardi));

Bader Mueedh Saif Alqahtani ((Badir, Baader, Bedar, Beder, Bedir, or Badar) and (Mueed, Moeed, Moeedh, Muiid, or Moiid) and (Seef) and (Al Qahtani, Al-Qahtani, Al Kahtani, El-Qahtani, El Qahthani, Al 'Ahtani, Il-Qahtani, or Il Qahtani)); and Abdulaziz Alabdulkareem ((Abdul Aziz, Abdel Aziz, Abd El-Aziz, Abdelaziz, Abd Al-Aziz, Abd Il-Aziz, Abd El Aziz, or Abd Al Aziz) and (Al Abdulkarem, Al-Abdulkarem, El-Abdulkarem, Al-Abdulkarem, Al-Abd Al Karem, El-Abd El-Karem, Al-Abd Al-Karem, El-Abdulkareem, Al Abdelkareem, El-Abdelkareem, Al-Abdul Kareem, El Abdul Kareem, Al Abdel Kareem, El Abdel Kareem, Al-Abd Al-Kareem, El Abd Al Kareem, El Abd El-Kareem, Al-Abdulkarim, El Abdulkarim, Al Abdelkarim, El Abdelkarim, Al-Abdulkariim, El Abdulkariim, Al Abdul Karim, El Abdel Karim, Al Abdel Karim, El Abdel Karim, Al Abdel Kariim, El Abdel Kariim, Al-Abd Al Kariim, El-Abd Al-Kariim, Al-Abd El-Kariim, El-Abd El-Kariim, Il-Abd Il-Kareem, Il-Abd Il Karem, Il-Abdulkareem, Il-Abdulkarim, Il-Abdelkareem, Il-Abdelkarim, Il Abd Il Karim, or Il Abd Il Kariim)).

11. Any definition of a term in this document shall apply to any use of that term, whether or not the term is capitalized, unless otherwise indicated.

12. In responding to these Requests, You are required to furnish all information that is available to You or subject to Your reasonable inquiry, including information in the possession of Your present and former attorneys, accountants, advisors, representatives, agents, employees, or other persons directly or indirectly employed by or connected with You, and anyone else otherwise subject to Your control. All documents and things that respond, in whole or in part, to any portion of the Requests below shall be produced in their entirety, including all attachments and enclosures.

13. For any Document You withhold on the basis of any applicable privilege, please provide a privilege log that complies with Fed. R. Civ. P. 26.

14. Each Request shall be deemed continuing, so as to require supplemental or mandatory responses should You obtain additional or different responsive information subsequent to Your initial responses.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications concerning Air Canada flight AC839, from Frankfurt, Germany, to Ottawa, Ontario, Canada on or around October 15, 2018, and Air Canada flight AC875, from Frankfurt, Germany, to Montreal, Canada on or around July 2, 2018.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications dated January 1, 2018 to February 28, 2019 concerning the Tiger Squad Individuals.