IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DR. SAAD ALJABRI, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-cv-02146-TJK |
| | ) | |
| MOHAMMED BIN SALMAN BIN | ) | |
| ABDULAZIZ AL SAUD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

OPPOSITION OF MESSRS. ALQAHTANI, ALASSIRI,
ALSALEH, ALSAYED, ALGASEM, ALHAQBANI, ALHOMID,
ALBAWARDI, AND BADER ALQAHTANI TO PLAINTIFF'S
<u>MOTION FOR LEAVE TO FILE THIRD-PARTY SUBPOENAS</u>

The Plaintiff, Saad Aljabri, filed an Amended Complaint alleging that Saud Alqahtani, Ahmed Alassiri, Mishal Fahad Alsayed, Khalid Ibrahim Abdulaziz Algasem, Saud Abdulaziz Alsaleh, Bandar Saeed Alhaqbani, Ibrahim Hamad Abdulrahman Alhomid, Ahmed Abdullah Fahad Albawardi, and Bader Mueedh Saif Alqahtani (for purposes of this Opposition, "These Defendants"), all citizens and residents of Saudi Arabia and officials or employees of the government of Saudi Arabia, participated in a plot launched in Saudi Arabia at the behest of the Crown Prince of Saudi Arabia, to assassinate the Plaintiff in Canada. Am. Compl. ¶ 34. On April 5, 2021, These Defendants moved to dismiss the Plaintiff's claim against them for, among other reasons, foreign sovereign immunity, lack of personal jurisdiction, and failure to state a claim. *See* ECF No. 93. The motion to dismiss is fully briefed and pending resolution before this Court.  Despite the pendency of that motion and the weighty issues it raises, the Plaintiff seeks to commence third-party discovery in the form of two subpoenas to be issued to Air Canada and Deutsche Lufthansa AG—a corporate parent for Lufthansa Airlines ("Lufthansa"). Those subpoenas seek to compel Lufthansa and Air Canada to produce a litany of information

covering a 14-month period relating to These Defendants, none of whom are alleged in the Amended Complaint to have travelled on Lufthansa and some of whom are not alleged to have traveled on either airline. The motion is based on an unsupported premise that the information may be destroyed by December 31, 2021.

Because the Plaintiff fails to justify the need for this premature discovery, the Plaintiff's motion to issue these subpoenas should be denied. As These Defendants set forth in their pending motion to dismiss, they are entitled to foreign sovereign immunity from this suit. That claim must be resolved prior to the commencement of any discovery in this case, including the Plaintiff's request to take discovery of third parties. Further, because These Defendants' motion to dismiss, which raises a host of additional reasons why the Plaintiff lacks some probability of succeeding on the merits of his case, is pending; the Plaintiff's claim that relevant documents will be destroyed absent the issuance of the requested subpoenas is unsupported; and the requested subpoenas are overbroad, the Plaintiff's request should be denied. Finally, should the Court ultimately grant the requested subpoenas, a protective order is warranted.

## ARGUMENT

### I.    The Amended Complaint

The Amended Complaint alleges that a group of Saudi individuals, including six of These Defendants – Messrs. Algasem, Alsayed, Alhomid, Alhaqbani, Albawardi, and Bader Alqahtani – flew to Canada on October 15, 2018 and that "at least five" of them traveled on the same flight, Air Canada flight AC839. *See* Amend. Compl. ¶334. Air Canada flight AC839 is the only flight identified in the Amended Complaint. There are no allegations in the Amended Complaint that Mr. Alsaleh, Mr. Saud Alqahtani or Mr. Alassiri ever traveled to Canada.[1]  Nor is there any allegation that those who did

---

[1] While it is unclear whether the Plaintiff now contends that Mr. Alsaleh traveled to Canada, such a contention would be unsupported by the Amended Complaint. The Amended Complaint alleges Mr.

allegedly travel to Canada did so on Lufthansa.  Indeed, Lufthansa is not referenced in the Amended Complaint.[2]

## II.     Legal Standard

"Typically, discovery begins upon the resolution of any motions to dismiss." *True the Vote, Inc. v. IRS*, Civil Action No. 13-734 (RBW), 2014 U.S. Dist. LEXIS 108562, at *29, (D.D.C. Aug. 7, 2014 (citing *Bank of Am., N.A. v. FDIC*, 908 F. Supp. 2d 60, 83-84 (D.D.C. 2012).  "[D]iscovery preceding a motion to dismiss is generally inappropriate…" *Pinson v. United States DOJ*, Civil Action No. 18-486 (RC), 2021 U.S. Dist. LEXIS 146546, at *9 (D.D.C. Aug. 5, 2021. These Defendants adopt and incorporate, in its entirety, the brief of Bader Alasaker, on the legal standard and arguments therein. *See* Bader Alasaker Brief in Opposition to Plaintiff's Motion for Leave to Serve Two Third-Party Subpoenas (filed Dec. 13, 2021)("Alasaker Br. in Opp.").

## III.    These Defendants' immunity claim should be resolved prior to the commencement of any discovery.

As explained in These Defendants' Motion to Dismiss, ECF No. 93 at §I, they are entitled to foreign sovereign immunity with respect to the alleged conduct which they purportedly undertook as agents of a foreign sovereign government performing acts within the scope of their official duties and

---

Alsaleh was a coordinator or leader of a so-called "Tiger Squad." without alleging he travelled to Canada. *See* Am. Compl. at 58. In Mr. Aljabri's Response, however, he groups Mr. Alsaleh in with the defendants who allegedly traveled to Canada, stating that Mr. Alsaleh was "dispatched" to Canada, *see* Response p. 5, 127, and the preservation letters sent by the Plaintiff to the airlines seeks preservation of records pertaining to Mr. Alsaleh. Since the Amended Compliant never alleges he travelled to Canada, there is no basis for the Plaintiff's request for discovery of travel records related to him. The Plaintiff's preservation letters do not reference Messrs. Saud Alqahtani, or Alassiri, neither or whom the Amended Complaint alleges travelled to Canada. ECF 121-3 at 3; ECF 121-4 at 3.

[2] The Plaintiff's preservation letter to Lufthansa includes Bandar Saeed Alhaqbani as an individual about whom information should be preserved. *See* ECF 121-3 at 3. He is not included on the preservation letter to Air Canada. *See* ECF 121-4 at 3. If Plaintiff does not allege that Mr. Alhaqbani flew on Air Canada flight AC839, which is the flight on which the Amended Complaint alleges he travelled and is the only flight identified in the Amended Complaint, the Plaintiff's request for the issuance of a subpoena seeking travel records pertaining to Mr. Alhaqbani should be denied on that basis alone.

at the direction of an immune Crown Prince. This foreign sovereign immunity is immunity from *suit*, not simply liability. *Giraldo v. Drummond Co.*, 808 F. Supp. 2d 247, 250-51 (D.D.C. 2011) (describing "foreign official immunity" as "an immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits") (citation omitted), aff'd, 493 F. App'x 106 (D.C. Cir. 2012).

As Mr. Alasaker explains in his Brief in Opposition, Argument, §I, this restriction on discovery before the resolution of assertions of immunity covers all discovery in a case, regardless of its target. By seeking to issue third-party subpoenas, the Plaintiff has forced These Defendants to file this Opposition.  In other words, they are requiring These Defendants to litigate this case, a suit for which they claim entitlement to foreign sovereign immunity, undercutting the very purpose of that immunity. Even entertaining the Plaintiff's request, therefore, "frustrate[s] the significance and benefit of entitlement to immunity from suit." *Phx. Consulting, Inc. v. Republic of Angola*, 342 U.S. App. D.C. 145, 216 F.3d 36, 39 (D.C. Cir., June 16, 2000)(citation omitted); *see also Process & Indus. Devs. v. Fed. Republic of Nig.*, 447 U.S. App. D.C. 316, 324, 962 F.3d 576, 584 (2020) ("Because the immunity protects foreign sovereigns from suit, it must be decided '[a]t the threshold of every action' in which it is asserted.") (citing *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 493-94 (1983)).[3]

## IV.   The Plaintiff cannot satisfy the standard for the issuance of subpoenas during the pendency of a motion to dismiss.

The Plaintiff's requests for discovery during the pendency of the motion of These Defendants to dismiss the claims against them deviates from what is permitted in the ordinary case.  *See Attkisson*

---

[3] As Mr. Alasaker notes, in *Oueiss v. Al Saud et al.*, Dkt. 130 at 6, No. 1:20-cv-25022-KMM (S.D. Fla. Apr. 5, 2021), which also involves Mr. Saud Alqahtani as well as some of the other defendants in this case, the United States District Court for the Southern District of Florida recently stayed discovery— including as to third parties— holding that dispositive matters, including sovereign immunity, should be resolved first. While this authority is not binding on this Court, it is persuasive that a sister District Court recently analyzed similar claims against similar defendants and found the assertions of foreign sovereign immunity warranted staying all discovery until those claims can be resolved.

*v. Holder*, 113 F. Supp. 3d 156, 165 (D.D.C. 2015) ("Even filing a motion for expedited discovery after briefing of motions to dismiss has concluded is 'well in advance of typical discovery.'")(citing *Landwehr v. FDIC,* 282 F.R.D. 1, 4 (D.D.C. 2010)).  As set forth in the Plaintiff's motion, it is unclear what standard governs a request for early discovery while a motion to dismiss is pending.  Courts in this District have employed both a "reasonableness" test and a stricter "*Notaro*" test. *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97 (D.D.C. 2014) ("[C]ourts in this district have assessed motions for expedited discovery under two different standards….")

Under the former, a court considers the following factors: (1) whether a preliminary injunction is pending;[4] (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Id.* (citing *In re Fannie Mae Deriv. Litig.*, 227 F.R.D. 142, 142-43 (D.D.C. 2005)). Under the latter, the party seeking such discovery must establish: (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of the irreparable injury; and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted. *Id.* (citing *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)). The Plaintiff's request fails under either standard.

---

[4] The Plaintiff concedes that the first factor under the reasonableness test does not support early discovery. *See* ECF No. 121-1 at 9. As there is no preliminary injunction pending, no analysis is required on this point.

A. *The Plaintiff has failed to support his claim that any relevant documents will be destroyed absent the immediate issuance of the requested subpoenas; accordingly, the third factor under the reasonableness test (the purpose of taking early discovery) and the first, third, and fourth factors under the* Notaro *test (irreparable injury, nexus between early discovery sought and avoidance of irreparable injury, and greater injury if expedited discovery not granted) weigh against granting the Plaintiff's request.*

i.    Lufthansa

The Plaintiff purports to support his request with the Declaration of Jason Hipp. That Declaration, however, demonstrates that to the extent that Lufthansa may have had relevant documents (which is not established in the declaration), they have already been destroyed. Specifically, the Hipp Declaration, ¶5, states that Lufthansa's "crew lists and passenger manifests are kept for a period shorter than three years," and that "data relating to 'flight information,' 'security,' and 'passenger lists' were deleted on 'a very regular basis.'" Over three years have passed since October 2018 – the time of the alleged travel to Canada in this case.  Thus, the Plaintiff has made no showing that any relevant Lufthansa documents are likely to be destroyed on December 31, 2021, or any other imminent date.

ii.    Air Canada

With respect to Air Canada, the Hipp Declaration states that Air Canada's retention policy is five years, but that the unidentified person with whom Mr. Hipp spoke later stated that information is not kept for five years and that person did not know when allegedly relevant documents would be deleted. *Id.* ¶8.  Thus, the Hipp Declaration makes no showing of imminent destruction with respect to any relevant documents of Air Canada, since the only travel to Canada at issue in the Amended Complaint allegedly occurred in October 2018, well less than five years ago.

With respect to both airlines, therefore, the professed concern that relevant documents will be destroyed on or about December 31, 2021 absent the issuance of subpoenas is based entirely on speculation. Accordingly, under the reasonableness test, this fails to provide an adequate purpose for requesting expedited discovery. Under the *Notaro* test, the Plaintiff fails to make the showing of

6

irreparable injury, some connection between the requested expedited discovery and the avoidance of the irreparable injury, and greater injury if expedited discovery is not granted.

B.  *The Plaintiff's proposed requested subpoena to Lufthansa is unsupported and the requested subpoena to Air Canada is overbroad; accordingly, the second factor under the reasonableness test (the breadth of the requested discovery) weighs against granting the Plaintiff's request.*

"[C]ourts must look carefully to the complaint's allegations to determine if the requested discovery is relevant and proportional to the needs of the case." *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1210 (D.C. Cir. 2020). The Plaintiff's requests are plainly overbroad.

The Amended Complaint is entirely devoid of any mention of Lufthansa. Accordingly, the Plaintiff has made no showing that Lufthansa documents are discoverable at all, much less that there is a need for expedited discovery of them.[5] Likewise, the Plaintiff has made no showing that he is entitled to discovery of Air Canada documents related to Messrs. Saud Alqahtani, Alassiri, or Alsaleh, none of whom the Amended Complaint alleges traveled to Canada. The documents pertaining to these individuals are irrelevant.  Even with respect to the individuals the Amended Complaint alleges traveled to Canada on Air Canada, the requests to Air Canada are overbroad. The Amended Complaint alleges a flight on a specific date – October 15, 2018 – when "some of the Tiger Squad Defendants" traveled to Canada. Amend. Compl. ¶334. In fact, in response to These Defendants' Motions to Dismiss, the Plaintiff argued he plausibly plead a claim in part because "The Amended Complaint identifies the *exact flight* many of the Tiger Squad Defendants took…" Pl.'s Resp. to Mot. to Dismiss, ECF No. 102 at 101 (citing Amend. Compl. ¶334)(emphasis in original). Yet, the proposed subpoenas request "[a]ll Documents and Communications dated January 1, 2018 to February 28, 2019 concerning the Tiger Squad Individuals," Requests for Production, ECF Nos. 121-5 at 12, 121-6 at 9, regardless

---

[5] The Plaintiff's assertion that he has unspecified "additional information" that "one or more" unnamed Defendants "traveled via Lufthansa" Pl. Mot. for Subpoenas, ECF No. 121-1 at 2, 4 (apparently referring to Lufthansa flight LH474 from Munich to Montreal on October 15 and 16, 2018, *see* 121-5 at 12) is unsupported by a declaration or any evidence.

of whether these documents related to AC839 or to travel on other flights to other locations on other dates. Neither the Amended Complaint nor the Plaintiff's Motion supports a discovery request for documents pertaining to any flights other than AC839 on October 15, 2018, much less every document pertaining to any travel undertaken by eleven individuals for a fourteen-month period. This is particularly true for Messrs. Saud Alqahtani, Alassiri, and Alsaleh, who the Amended Complaint does not allege *any* travel relevant to the claims against These Defendants.

C.      *The Plaintiff requests to take discovery well in advance of when discovery is permitted in the ordinary course; accordingly, the fifth factor of the reasonable test (timing of the discovery sought) weighs against granting the Plaintiff's request.*

The Plaintiff seeks discovery prior to the resolution of the pending motion of These Defendants to dismiss all of the claims against them. Accordingly, the fifth factor of the reasonableness test weighs heavily against the Plaintiff's request. *Guttenberg*, 26 F. Supp. 3d at 99 ("[M]ost important for the Court's reasonableness analysis is the pendency of defendants' motion to dismiss. This means that Plaintiffs' request for expedited discovery comes 'well in advance of typical discovery.'") (citations omitted).

D.      *The Plaintiff has failed to demonstrate he has some probability to succeed on the merits of his case; accordingly, the second* Notaro *factor (some probability of success on the merits) weighs against granting the Plaintiff's request.*

The Plaintiff fails to meet the standard set forth in *Notaro*, because he fails to show some probability of success on the merits. *See In re Fannie Mae Derivative Litig.*, 227 F.R.D. at 142 (citing *Notaro,* 95 F.R.D. at 405). The Plaintiff simply notes that he has made "detailed" allegations in the Amended Complaint. *See* Mem. in Supp. of Mot. for Subpoenas, ECF No. 121-1 at 10-11. As established in These Defendants' Motion to Dismiss, ECF No. 93, however, in critical respects the Amended Complaint is not detailed and, indeed, is lacking in the requisite specificity to plausibly allege the claims asserted. In any event, the motion to dismiss also demonstrates that the Plaintiff has no legal claim. Given the serious challenges raised by These Defendants in their motions to dismiss, the

Court should resolve the issues in the pending motion to dismiss before allowing the Plaintiff to burden These Defendants with the need to participate in any discovery. *See e.g. Nu Image, Inc. v. Doe*, 799 F. Supp. 2d 34, 44 (D.D.C. 2011) ("[T]he Court should consider whether the complaint will survive a motion to dismiss when ruling on a motion for expedited non-party discovery. The Court finds it inappropriate and a waste of scarce judicial resources to allow and oversee discovery on claims or relating to defendants that cannot be prosecuted in this lawsuit.).

E.   *The Plaintiff's requests are unjustly burdensome; accordingly, the fourth factor of the reasonableness test (unjust burden) weighs against granting the Plaintiff's request.*

Because These Defendants have a pending motion to dismiss raising numerous grounds for dismissal including foreign sovereign immunity, the requested subpoenas are overbroad, the Plaintiff has failed to make a showing Amended Complaint has some probability of succeeding on the merits, and the Plaintiff's claim of imminent destruction is unsupported, placing any burden on a third-party at this early juncture is unjust. *See also* Alasaker Br. in Opp., Argument*, §*II (detailing the practical burdens of the requests on Lufthansa and Air Canada)(adopted and incorporated by reference). The requested subpoenas also unjustly burden These Defendants. Since These Defendants have argued they are immune from suit, any third-party discovery, which requires These Defendants to face the burdens of litigation, is unwarranted. *See supra* §III; *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009) at 685-86 (recognizing that third-party discovery would "would not [] free" a presumptively immune party "from the burdens of discovery").

## V.   Should the Court ultimately grant the requested subpoenas, a protective order is warranted.

These Defendants adopt and incorporate by reference Bader Alasaker's alternative request for a protective order. *See* Alasaker Br. in Opp., Argument, §III.

## CONCLUSION

The Court should resolve These Defendants' immunity claim before any discovery is taken. Further, the Plaintiff's requests for expedited discovery based on the purported imminent destruction of relevant documents is not supported by any showing that such destruction is likely to occur, and These Defendants' weighty motion to dismiss is pending.  In any event, the requested discovery is overbroad and unjustly burdensome. Whether the Court employs the reasonableness test or the *Notaro* test, the Plaintiff's request for leave to serve third-party subpoenas should be denied.  If, however, the Court allows issuance of third-party discovery, a protective order is warranted.

Respectfully Submitted,

_____/s/_____
Barry J. Pollack (DC Bar #434513)
Law Offices of Barry J. Pollack, LLC
1629 K Street, N.W., Suite 300
Washington, DC 20006
202-230-9647
barryjpollack@gmail.com

_____/s/_____
Jessica N. Carmichael (DC Bar #998952)
CARMICHAEL ELLIS & BROCK, PLLC
108 N. Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 684-7908
jessica@carmichaellegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December, 2021, I filed the foregoing pleading through the ECF system, which shall then send an electronic copy of this pleading to all parties in this action.


_____/s/_____
Jessica N. Carmichael