UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAAD ALJABRI,

    *Plaintiff*,

v.

MOHAMMED BIN SALMAN BIN
ABDULAZIZ AL SAUD et al.,

    *Defendants*.

Civil Action No. 20-2146 (TJK)

# ORDER

Plaintiff Saad Aljabri has filed a motion for leave to serve two third-party subpoenas to prevent the destruction of evidence. ECF No. 121. According to Plaintiff, two airlines—Air Canada and Deutsche Lufthansa AG, known as Lufthansa—have relevant documents, and neither will agree to voluntarily preserve them after December 31, 2021. *See* ECF No. 121-1 at 3. Because discovery will not get underway unless, and until, the Court denies Defendants' motions to dismiss, Plaintiff requests leave to serve a subpoena on each airline, seeking production of the relevant documents. *Id.* 4–5. Some Defendants oppose the motion, in part because their pending motions to dismiss raise foreign sovereign immunity defenses. *See* ECF Nos. 125 & 126. For the reasons explained below, this Court will, sua sponte, issue a preservation order and deny Plaintiff's motion as moot.

Several courts have held that "[f]ederal courts have the implied or inherent power to issue preservation orders as part of their general authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1071 (C.D. Cal. 2009) (internal quotation marks omitted) (quoting *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 135–36 (Fed. Cl. 2004)); *see also Deggs v. Fives Bronx, Inc.*, No.

19-cv-406 (BAJ/EWD), 2020 WL 3100023, at *2 (M.D. La. June 11, 2020); *Gambino v. Hershberger*, No. 16-cv-3806 (TDC), 2017 WL 2493443, at *3 (D. Md. June 8, 2017), *aff'd*, 700 F. App'x 272 (4th Cir. 2017) (per curiam); *Arkin v. Gracey-Danna, Inc.*, No. 16-cv-1717-T-35 (AAS), 2016 WL 3959611, at *1 (M.D. Fla. July 22, 2016). This "inherent power" extends to issuing preservation orders directed at third parties. *See Deggs*, 2020 WL 3100023, at *5–6 (ordering a third party to preserve certain evidence); *Arkin*, 2016 WL 3959611, at *1–2 (same); *Bright Sols. for Dyslexia, Inc. v. Doe 1*, No. 15-cv-01618 (JSC), 2015 WL 5159125, at *2–3 (N.D. Cal. Sept. 2, 2015) (same). And the Court is unaware of any case holding that a defendant's motion to dismiss on immunity grounds robs courts of this "inherent power." That makes sense. While Defendants argue that allowing Plaintiff to serve subpoenas seeking the production of evidence would force immunity-seeking defendants to "to participate in the process" in a manner that foreign sovereign immunity is supposed to prevent, *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009), ordering Air Canada and Lufthansa to merely *preserve* the records does not. A preservation order simply maintains the status quo.

Two tests are commonly used to decide whether to issue a preservation order. "Some courts employ a two-prong test that requires the proponent to demonstrate that the order is necessary and not unduly burdensome." *Arkin*, 2016 WL 3959611, at *1. Others balance three factors:

> (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation.

*Id.* (citing cases). "[W]hile the three-factor test suggests a more specific demonstration of the importance of the evidence . . . neither this nor any other single factor is determinative." *Treppel*

2

*v. Biovail Corp.*, 233 F.R.D. 363, 371 (S.D.N.Y. 2006).  Although neither Plaintiff nor Defendants have addressed either of these tests directly, their arguments about the propriety of discovery before a Rule 26(f) conference address similar factors.  Based on those arguments and the record before it, this Court finds that a preservation order is warranted under either test.

To start, the Court finds that there is substantial reason to believe that the airlines—Air Canada and Lufthansa—will fail to preserve the evidence Plaintiff has identified.  Defendants argue that it is uncertain whether they will destroy the evidence.  ECF No. 125 at 14–15.  But certainty is not required for a preservation order.  Suffice to say that, based on the airlines' policies of periodically deleting records, there is substantial risk that, without such an order, they will destroy the records Plaintiff seeks.  That the airlines may have already destroyed some of the identified evidence only heightens that concern.  ECF No. 126 at 6–7.  And the need for a preservation order "is all the more pressing" since the airlines "are not parties and thus have no duty to preserve absent a court order."  *Bright Sols. for Dyslexia*, 2015 WL 5159125, at *3.

In addition, the records facing potential destruction are important enough to this case such that their loss would cause irreparable harm to Plaintiff.  Plaintiff's suit concerns an alleged plot to kill him, and the airlines' records are "related to Defendants' travel to kill [Plaintiff], including Defendants' coordination of and connection to that effort."  ECF No. 127 at 4.  Of course, Defendants may challenge the production or use of these records later.  But at this point, "the destruction of the evidence would result in irreparable harm because, once destroyed, the evidence cannot be used for any purpose and cannot be recreated."  *Deggs*, 2020 WL 3100023, at *6.

Finally, there is no reason to think that preserving these electronic records would be burdensome for Air Canada or Lufthansa.  Defendants argue that identifying the records in the first place will be difficult for the airlines, but the Court disagrees.  Plaintiff has spelled out the specific

and limited searches needed with clarity.  *See* ECF No. 127 at 11 n.6.  In fact, Air Canada has already confirmed that it has the pertinent records in its possession "right now." *Id.*

Accordingly, it is hereby **ORDERED** that, until further order of the Court, Air Canada and Deutsche Lufthansa AG shall **PRESERVE**—but not produce to Plaintiff—the records identified in the schedules attached to Plaintiff's proposed subpoenas.  *See* ECF No. 121-5 at 8–12; ECF No. 121-6 at 5–9.  It is further **ORDERED** that Plaintiff's counsel shall provide a copy of this Order and the schedules attached to his proposed subpoenas, ECF No. 121-5 at 8–12 & ECF No. 121-6 at 5–9, to counsel for Air Canada and Deutsche Lufthansa AG no later than December 27, 2021. If either Air Canada or Deutsche Lufthansa AG wish to object to this Order, they shall do so within 14 days from the date that Plaintiff's counsel provides them a copy of this Order and the schedules.

Because this Court will order the airlines to preserve the records at issue, it its **FURTHER ORDERED** that Plaintiff's motion for leave to serve two third-party subpoenas to prevent the destruction of evidence, ECF No. 121, is denied as moot.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: December 23, 2021

4