**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DR. SAAD ALJABRI, | |
| Plaintiff, | Civil Action No. 1:20-cv-02146-TJK |
| v. | |
| MOHAMMED BIN SALMAN BIN ABDULAZIZ AL SAUD, et al., | |
| Defendants. | |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT BY DEFENDANTS YOUSSEF ALRAJHI, MOHAMMED ALHAMED, LAYLA ABULJADAYEL AND HANI FAKRI HAMED**

Defendants Youssef Alrajhi, Mohammed Alhamed, Layla Abuljadayel (the "Student Defendants"), and Hani Fakri Hamed ("Mr. Hamed") respectfully submit, as supplemental authority in support of their pending motion to dismiss the Amended Complaint in this action[1], the recent decisions in *Force v. Islamic Republic of Iran*, No. 16-1468, 2022 U.S. Dist. LEXIS 118083 (D.D.C. July 5, 2022) (Moss, J.) ("*Force II*") (Exh. A), and *Cabrera v. Islamic Republic of Iran*, No. 1:19-cv-03835 (D.D.C.) (Bates, J.), (Order of August 23, 2022) ("*Cabrera* Order") (Exh. B).

These two decisions refute Plaintiff's argument that other District of Columbia district courts correctly permitted attempted extrajudicial killing claims like Plaintiff's to proceed in analogous cases under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A(a)(1), where no death has occurred.  *See* Opp. to Mots. to Dismiss (Dkt. No. 102), at 81 & n.76. The FSIA and the Torture Victims Protection Act ("TVPA"), 28 U.S.C. § 1350, share a common

---

[1] Motion to Dismiss (Dkt. No. 96), at 17-20; Reply (Dkt. No. 111).

definition of "extrajudicial killing", but the FSIA more broadly allows claims for personal injury and death, whereas the TVPA allows claims only when the defendant's actions cause death.  *See* Motion to Dismiss (Dkt. No. 96), at 17-20; Reply (Dkt. No. 111), at 3-5.  The TVPA "contemplates that the direct victim in an extrajudicial killing will not survive."  *Force II* at *16-17; *see* Motion to Dismiss (Dkt. No. 96), at *17-18 (arguing TVPA's unique structure requires an actual killing).

In *Force II*, the district court reversed its 2020 ruling in *Force* that attempted extrajudicial killings were actionable under the FSIA if a plaintiff was placed in "immediate apprehension of physical harm."[2]  *See Force II* at *9 (quoting Restatement (Second) of Torts § 47 cmt. a) (discussing *Force v. Islamic Republic of Iran*, 464 F. Supp. 3d 323, 363 (D.D.C. 2020)).  *Force II* then made two principal rulings of relevance here.

*First*, the court held that it was "no longer persuaded that this approach represents the best reading of the FSIA, and the Court now concludes that the state-sponsored terrorism exception to the FSIA's grant of foreign sovereign immunity does not include attempted extrajudicial killings when no one is, in fact, killed in the attack."  *Force II* at *13-14.  Instead, the TVPA and FSIA both require a "killing" and "[t]he ordinary understanding of the word 'killing,' of course, means that someone has died."  *Id.* at *16; *see also* Motion to Dismiss (Dkt. No. 96), at 16-17; Reply (Dkt. No. 111), at 4.  Because Congress had not expressly included attempted killings in the TVPA and the FSIA, the district court declined to base attempt liability on the definition of extrajudicial killing.  *See Force II* at *17-19 (discussing *United States v. Taylor*, 142 S. Ct. 2015 (2022)); *see also* Reply (Dkt. No. 111), at 4 (arguing the same).

*Second*, the district court acknowledged that "a handful" of decisions from this district

---

[2] Plaintiff's claim does not survive under this lower standard. *See* Motion to Dismiss (Dkt. No. 96) at 22 ("The lack of any physical harm to Plaintiff equally forecloses Plaintiff's TVPA claim").

"permit[ted] recovery under the FSIA in situations in where no one has died," citing the same decisions cited by Plaintiff. *Force II*, at 25 (citing *Gill v. Islamic Republic of Iran*, 249 F. Supp. 3d 88, (collecting cases)). *Force II* declined to follow those cases because, "only two (beyond the prior decision in this case) discuss the issue at hand at any length, and the Court is now unpersuaded by that reasoning." *Id.* at *25-26. *Force II* also cited a recent Southern District of New York decision in which that court "declined to rely on a line of cases finding attempted killings covered by the TVPA and the FSIA." *Id.* at *27 (citing *Appel v. Hayut*, No. 20-cv-62652021 U.S. Dist. LEXIS 122511, 2021 WL 2689059, at *9 (S.D.N.Y. June 30, 2021)). According to *Appel*, those earlier decisions "often, if not always . . . *assumed* that there was attempted liability under the TVPA, without any objection from the defendant, . . . [and] thus did not have occasion to truly grapple with the statutory language." 2021 U.S. Dist. LEXIS 122511, [WL] at *10." *Force II* at *27.

After *Force II* issued, the court in *Cabrera v. Iran* issued an Order compelling the parties to submit supplemental briefing on "whether the FSIA's terrorism exception provides a waiver of sovereign immunity for plaintiffs whose injuries resulted from an attack in which no one was killed." *See* Ex. B (Order), at 3. As in *Force II*, the *Cabrera v. Iran* court expressed its "concern[] about the scope of the terrorism exception to sovereign immunity under the FSIA" advocated by the plaintiffs, because the decisions concluding that the FSIA terrorism exception encompasses attempted killings "have not thoroughly parsed the statutory text." *Id*. at 1-2. *Force II* did parse the statutory text and the "structure of the TVPA", however, and agreed with Defendants that the TVPA (like the FSIA) does not allow claims for attempted extrajudicial killing, even where physical injury occurs. *Id.* at *16; Reply (Dkt. No. 111), at 1-5.

Dated:  September 27, 2022

/s/ Mitchell R. Berger
Mitchell R. Berger (DC 385467)
Benjamin D. Wood (DC 478799)
Alexandra E. Chopin (DC 490736)

SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, D.C.  20037
Phone:  202-457-6000
Fax:  202-457-6315
mitchell.berger@squirepb.com
benjamin.wood@squirepb.com
alexandra.chopin@squirepb.com

Attorneys for Defendants Youssef Alrajhi,
Mohammed Alhamed, Layla Abuljadayel, and
Hani Fakri Hamed

**CERTIFICATE OF SERVICE**

I certify that on September 27, 2022, I caused a copy of the foregoing Defendants Youssef Alrajhi, Mohammed Alhamed, Layla Abuljadayel, and Hani Fakri Hamed's Notice of Supplemental Authority, to be filed using the ECF system, which sent notice of filing in this matter to all counsel of record.

*/s/ Mitchell R. Berger*

Mitchell R. Berger (DC 385467)

*Attorneys for Defendants Youssef Alrajhi, Mohammed Alhamed, Layla Abuljadayel, and Hani Fakri Hamed*