# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUGUST CABRERA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, <br><br> Defendant. | Civil Action No. 19-3835 (JDB) |
| MARK ZAMBON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, <br><br> Defendant. | Civil Action No. 18-2065 (JDB) |

**ORDER**

This is an action for compensatory damages against the Islamic Republic of Iran under the state-sponsored terrorism exception to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A. On July 19, 2022, the Court granted plaintiffs' motion for default judgment as to eleven "bellwether" attacks on U.S. citizens and servicemembers in Afghanistan. See generally Mem. Op. (Findings & Conclusions) [Cabrera ECF No. 78]. One of those attacks—the May 31, 2012 IED attack in Zombalay District, Helmand Province—injured a plaintiff, but did not kill anyone. See id. at 49–51; see also id. at 81–82 (classifying this attempted killing as an "extrajudicial killing" within meaning of § 1605A(a)(1)).

The Court is concerned about the scope of the terrorism exception to sovereign immunity under the FSIA, found in § 1605A. The text of § 1605A(a)(1) is tied to an "extrajudicial killing."

The Court has now reviewed the recent opinion in Force v. Islamic Republic of Iran, Civ. A. No. 16-1468 (RDM), 2022 WL 2452606 (D.D.C. July 5, 2022). There, Judge Moss concluded that "the state-sponsored terrorism exception to the FSIA's grant of sovereign immunity does not include attempted extrajudicial killings when no one is, in fact, killed in the attack." Id. at *4. Judge Moss interpreted the FSIA's definition of "extrajudicial killing"—imported from the Torture Victim Protection Act of 1991, Pub. L. No. 102-256, § 3(a), 106 Stat. 73 ("TVPA")—and concluded that an "'extrajudicial killing' cannot occur without a death." Force, 2022 WL 2452606, at *5. He found this interpretation to be further supported by the structure of the TVPA, which authorizes a victim's "legal representative," but not the victim, to recover damages for a wrongful death, id., and by the fact that the FSIA incorporates definitions of "aircraft sabotage" and "hostage taking" which include attempted acts, but does not do the same for "extrajudicial killing," id. at *6 (citations omitted).

Although other courts, both within and outside this District, have concluded that the FSIA's definition of "extrajudicial killing" includes attempted killings, Judge Moss noted that these decisions have not thoroughly parsed the statutory text, but instead have hinged on the D.C. Circuit's general instruction to interpret the FSIA "flexibly and capaciously." Force, 2022 WL 2452606 at *6 (quoting Van Beneden v. Al-Sanusi, 709 F.3d 1165, 1167 (D.C. Cir. 2013)); see id. at *8–9; see also Mem. Op. (Findings & Conclusions) at 81–82; but see Roberts v. Islamic Republic of Iran, No. 1:20-cv-1227-RCL, 2022 WL 203540, at *12 (D.D.C. Jan. 24, 2022) (reasoning that "an attempted extrajudicial killing could constitute an 'act of extrajudicial killing'" because § 1605A(a)(1) "could encompass . . . the process of committing an extrajudicial killing," which "does not imply that death results").

The Court will now order plaintiffs to submit supplemental briefing on the question whether the FSIA's terrorism exception provides a waiver of sovereign immunity for plaintiffs whose injuries resulted from an attack in which no one was killed. The Court will also request that plaintiffs inform the Court of the number of attacks (and plaintiffs involved) in this litigation in which no one was killed.

Accordingly, it is hereby

**ORDERED** that, by not later than September 27, 2022, plaintiffs shall submit a supplemental brief addressing whether the terrorism exception to the FSIA, 28 U.S.C. § 1605A(a)(1), applies in cases of attempted extrajudicial killing where no one was actually killed. Plaintiffs shall also inform the Court of the existence and number of other attacks in these consolidated cases that did not involve the death of any person, and the plaintiffs involved in those attacks.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: August 23, 2022