UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. SAAD ALJABRI,<br><br>　　Plaintiff,<br><br>　　v.<br><br>MOHAMMED BIN SALMAN BIN ABDULAZIZ AL SAUD, *et al.*<br><br>　　Defendant. | Civil Action No. 1:20-cv-02146-TJK |

**JOINT STATUS REPORT REGARDING JURISDICTIONAL DISCOVERY**

The parties respectfully submit the following status report pursuant to this Court's order of September 17, 2024, which directed the parties to file a "joint status report on the status of written jurisdictional discovery and the need, if any, for depositions and additional interrogatories." *See* Minute Order, September 17, 2024 ("Discovery Order"). Plaintiff has served Requests for Production and Interrogatories on Defendants Bader Alasaker and Saud Alqahtani (collectively, "Defendants") and Defendants have responded and objected. The parties disagree about those objections, and they agree that, consistent with the Court's Standing Order, the Court should schedule a telephone conference to address their ongoing discovery disputes and the process for resolving them, *see* Dkt. 5 ¶ 14 (Standing Order). Plaintiff asks the Court to permit the parties to submit, in advance of that conference, pre-conference letters of no more than ten pages per party outlining their respective positions on those disputes; Defendants request that the Court determine at the conference whether it would like written submissions setting forth the parties' respective positions on their disputes and, if so, the appropriate length of such submissions.

Pursuant to the Discovery Order, Plaintiff Dr. Saad Aljabri ("Dr. Saad") served Defendants Bader Alasaker and Saud Alqahtani with Requests for Production ("RFPs") on September 30,

1

2024, directing seven RFPs to Mr. Alqahtani and six RFPs to Mr. Alasaker. Defendants served responses and objections on November 4, 2024. Defendants did not produce any documents. Defendants objected to the scope of the Requests, including that they exceeded the scope authorized by the Court of Appeals. Defendants have advised that they possess no documents within the scope they view as properly authorized by the Court of Appeals.

Plaintiff's position is that Defendants produced no documents because of their broad and numerous objections and inadequate efforts to search for documents, about which Defendants have refused to disclose information. Defendants disagree with Plaintiff's characterization. Mr. Alqahtani has represented that, notwithstanding his objections that the RFPs exceed the scope authorized by the Court of Appeals, he has no documents that would be responsive to the request as propounded, has not deleted or destroyed any documents that would be responsive to the requests as propounded, and has not withheld any documents responsive to the requests as propounded. Mr. Alasaker has explained that, pursuant to the proper scope of the RFPs as set out by the Court of Appeals, he and others at his direction conducted a reasonable search and that he has no responsive documents. The parties continue to disagree fundamentally about the Defendants' objections, including with respect to the relevant time period for discovery, Defendants' obligations to search for communications and documents that they maintain were created in their capacities as government officials, and the scope of the jurisdictional discovery authorized by the Court of Appeals, *see Aljabri v. bin Salman*, 106 F.4th 1157, 1165 (D.C. Cir. 2024).

Counsel for Plaintiff conferred with counsel for Mr. Alqahtani on November 11, 2024. Counsel for Mr. Alqahtani took the position that the Plaintiff's objections are academic because, notwithstanding his objections, he has represented that he has no documents responsive to the

RFPs and has not withheld any documents responsive to the RFPs. Counsel for Dr. Saad maintained that, to test Mr. Alqahtani's representation that he possesses no responsive documents, Mr. Alqahtani should disclose information about the types of documents he claims are within his possession, custody or control and locations of potentially relevant documents that he claims are no longer accessible to him (including because he reported that he is no longer a Saudi government official), and that Dr. Saad is entitled to information regarding Mr. Alqahtani's search for responsive documents, the locations searched, the search terms applied, and Mr. Alqahtani's retention practices, all of which Mr. Alqahtani refused to provide. Counsel for Mr. Alqahtani would not confirm whether any documents were searched or reviewed before making the representation that no responsive documents exist.

Mr. Alqahtani's position is that he has represented that he has no documents in his possession, custody, or control that are responsive to the RFP's as drafted, has not deleted or destroyed any such documents during the pendency of this litigation, and is not withholding any such documents. He contends that submitting to the expansive discovery the Plaintiff seeks "to test" Mr. Alqahtani's responses would not be required as part of a response to a request for the production of documents even in ordinary merits discovery, and, in any event, is plainly beyond the scope of the limited jurisdictional discovery authorized by the Court of Appeals. Mr. Alqahtani has no documents responsive to the RFP requests as drafted, there are no such documents that could plausibly establish that this Court has jurisdiction over him, and that what Plaintiff seeks is to conduct a fishing expedition with no showing that such an exercise would lead to evidence that could plausibly establish jurisdiction.

Counsel for Dr. Saad conferred with counsel for Mr. Alasaker on November 12, 2024. Counsel for Mr. Alasaker explained that Plaintiff was entitled to only the limited jurisdictional

3

discovery authorized by the Court of Appeals and that the RFPs exceeded those limits. Mr. Alasaker has informed Plaintiff regarding his position on the proper scope of discovery. Mr. Alasaker advised that he and others conducted a reasonable search for documents within the proper scope of the limited jurisdictional discovery authorized by the Court of Appeals. He has advised Plaintiff that he has no documents falling within that proper scope, and has advised further that he had no communications with the "U.S. based Saudis" whatsoever. Plaintiff's counsel explained that Mr. Alasaker took an overly restrictive view of the Court of Appeals' order and definition of "U.S. based Saudis," and improperly refused to produce documents and communications relevant to jurisdictional discovery. Dr. Saad's counsel also explained that Mr. Alasaker's representation that he possessed no responsive documents for certain RFPs should be given little weight because he refused to state the records he searched or did not search, what responsive documents he may have withheld, or his basis for any withholding of responsive documents. Plaintiff takes the position that Mr. Alasaker would not disclose any information about his efforts to locate responsive documents or whether he made any effort to locate relevant communications that were sent using his MiSK Foundation, Royal Court or WhatsApp accounts.

The parties were unable to resolve these disputes.

On November 13, 2024, pursuant to the Discovery Order, Dr. Saad served both Defendants with five interrogatories each. Each Defendant served responses and objections on December 12, 2024, answering certain interrogatories that they viewed as within the proper scope of discovery authorized by the opinion of the Court of Appeals, including interrogatories about communications regarding the "hunt" for the Plaintiff in the United States (stating under oath that there were no communications about such a "hunt"). Dr. Saad's position is that their statements were not credible and warrant testing through depositions, because evidence cited in the Amended Complaint and

4

documentary evidence in his possession—including communications with Mohammed bin Salman and Alasaker—provide strong circumstantial evidence that certain of the Defendants' interrogatory responses are false. Defendants deny that any of the interrogatory answers are false or that Plaintiff has any basis other than pure speculation to disregard interrogatory responses made under oath. Plaintiff has not provided Defendants with any evidence that would suggest that the interrogatory responses are false. Defendants also raised similar objections as they did to the RFPs concerning the scope of discovery and also declined to answer interrogatories about the parameters of their searches for documents in response to the RFPs and their efforts to preserve relevant communications.

The parties jointly conferred on December 18, 2024, and were unable to resolve these disputes. Dr. Saad intends to request that the Court order both Defendants to respond to Interrogatories No. 3 and 4 (concerning their search and preservation efforts), and Mr. Alasaker to respond to RFPs No. 4, 5, and 6 (seeking his communications with certain individuals about Dr. Saad and other topics alleged in the Amended Complaint, and documents about Alasaker's related U.S. travel). Dr. Saad maintains that Defendants' refusal to disclose information about their efforts to search for responsive material has frustrated the parties' ability to narrow the issues in dispute for efficient presentation to the Court, and that Defendants are likely taking—but not disclosing—unsupportable positions about the types of documents in their possession, custody, or control, warranting responses to Interrogatories No. 3 and 4. Dr. Saad also maintains that Bader Alasaker has refused to search for communications and documents directly relevant to jurisdictional discovery, including communications expressly within the scope of the Court of Appeals' order and information about his relevant activities in the United States which would plainly support the Court's exercise of jurisdiction over him. Defendants have informed Plaintiff that they have

5

conducted a reasonable search for documents. They deny that they refused to search for documents. Indeed, as noted above, Mr. Alqahtani has represented that he has no documents in his possession, custody, or control responsive to the unduly expansive RFPs and the Defendants maintain that they have provided substantive responses to the Requests for Production and Interrogatories that fall within the limited jurisdictional discovery envisioned by the Court of Appeals, that those responses demonstrate that there is no evidence that could plausibly establish jurisdiction, that the RFPs and Interrogatories to which they have objected exceed the limited authority the Court of Appeals granted for jurisdictional discovery, and that they are not obliged to answer or respond further than they have.

Dr. Saad does not seek leave to serve additional interrogatories or to require Mr. Alqahtani to respond to RFPs at this time, but reserves the right to do so as discovery proceeds. Plaintiff intends to request depositions of Mr. Alasaker and Mr. Alqahtani following the close of written discovery, to which Defendants do not agree. Plaintiff also intends to serve third-party discovery following the completion of written party discovery. Defendants take the position that written discovery has concluded and do not believe that further written discovery or depositions are warranted based on the responses to the RFPs and Interrogatories already propounded. Dr. Saad's position is that Defendants have obstructed Plaintiff's legitimate efforts to pursue written discovery and that the Court's intervention is necessary to resolve the parties' disputes, and that depositions are warranted because Mr. Alasaker and Mr. Alqahtani possess unique knowledge about their participation in the effort to target Dr. Saad in the United States, the Court of Appeals' order granting jurisdictional discovery was not limited to written discovery, and because Dr. Saad is entitled to probe the serious concerns regarding Defendants' credibility and deficient responses to the limited existing discovery received.

Mr. Alasaker and Mr. Alqahtani argue that there is no basis to have "serious concerns," or any concerns, about their credibility and that Plaintiff's request for additional discovery is instead based on his desire to engage in a fishing expedition in the hope of supporting his bald speculation. They assert that there is no basis for any additional effort by Plaintiff to obtain jurisdictional discovery. Mr. Alasaker and Mr. Alqahtani take the position that the Court of Appeals permitted limited jurisdictional discovery, that Plaintiff issued discovery requests that far exceeded the scope of that opinion, and that the Defendants have responded in good faith to the discovery that was permitted by the Court of Appeals and that based on those responses, no further discovery is warranted.

The parties jointly request, pursuant to this Court's Standing Order (Dkt. 5 ¶ 14), that the Court schedule a conference to discuss these disputes. Plaintiff asks the Court to permit the parties to submit pre-conference letters of no greater than ten pages outlining the parties' respective positions, while Defendants request that the Court determine at the conference whether it would like written submissions setting forth the parties' respective positions on their disputes and, if so, the appropriate length of such submissions.

Dated: December 23, 2024

| | |
|---|---|
| */s/ William W. Taylor, III* | */s/ Lindsay Harrison* |
| William W. Taylor, III (D.C. Bar No. 84194) | Lindsay Harrison (D.C. Bar No. 977407) |
| Margarita K. O'Donnell (D.C. Bar No. 1005972) | JENNER & BLOCK LLP |
| Ivano Ventresca (D.C. Bar No. 1045769) | 1099 New York Avenue, NW, Ste. 900 |
| ZUCKERMAN SPAEDER LLP | Washington, DC 20001-4412 |
| 1800 M. Street, NW, Suite 1000 | Telephone: (202) 639-6865 |
| Washington, DC 20036 | Fax: (202) 639-6066 |
| Tel: (202) 778-1800 | lharrison@jenner.com |
| Fax: (202) 822-8106 | |
| wtaylor@zuckerman.com | Jason P. Hipp (DDC No. NY0397) |
| modonnell@zuckerman.com | JENNER & BLOCK LLP |
| iventresca@zuckerman.com | 1155 Avenue of the Americas |
| | New York, NY 10036 |
| *Counsel for Defendant Bader Alasaker* | Telephone: (212) 891-1654 |
| | Fax: (212) 891-1699 |
| */s/ Barry J. Pollack* | Email: jhipp@jenner.com |
| Barry J. Pollack (DC Bar # 434513) | |
| HARRIS ST. LAURENT & WESCHLER LLP | *Counsel for Plaintiff Dr. Saad Aljabri* |
| 1775 Pennsylvania Ave. NW, Ste. 650 | |
| Washington, DC 20006 | |
| Tel: (202) 617-5971 | |
| bpollack@hs-law.com | |
| | |
| Jessica Carmichael | |
| CARMICHAEL ELLIS & BROCK, PLLC | |
| 108 N Alfred Street, 1st Floor | |
| Alexandria, VA 22314 | |
| jessica@carmichaellegal.com | |
| Tel: (703) 684-7908 | |
| | |
| *Counsel for Defendant Saud Alqahtani* | |